UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-40-TNM |
| | : | |
| CHRISTOPHER QUAGLIN, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION TO LIFT ORDER DELAYING TRANSPORT TO THE DISTRICT OF COLUMBIA**

The United States of America hereby moves this Court to lift the order delaying the Defendant's transport to the District of Columbia. In support of its motion, the government states as follows:

**FACTUAL BACKGROUND**

On April 16, 2021, the Defendant asked for the Court to stay his transfer to Washington, D.C. At the hearing, Chief Judge Howell asked the government if it opposed. At the time the undersigned was not aware of potential issues in keeping the Defendant in New Jersey and did not oppose. Since that date, it has become clear that the order to stay the transfer of the Defendant to Washington, D.C. is not workable. As such, the government now asks this Court to lift the stay and order him to be transferred to Washington, D.C.

**ARGUMENT**

As a general matter, statutes, regulations and case law provide the USMS with broad authority to determine where to house its prisoners. See Saunders v. United States, 502 F. Supp. 2d 493, 496 (E.D. Va. 2007) ("This open-ended authority recognizes the Marshals Service's need to 'weigh concerns of expense, administration, payment, access to the premises, and the veritable plethora of factors'" relative to placement.) (quoting Williams v. United States, 50 F.3d

299, 310 (4th Cir. 1995); Falcon v. Bureau of Prisons, 852 F. Supp. 1413, 1420 (S.D. Ill. 1994) (Attorney General has discretion to select the "appropriate forum for the pre-trial detention of a defendant awaiting trial."); Lyons v. Clark, 694 F. Supp 184, 186-87 (E.D. Va. 1988) (authority to determine place of detention lies within the "broad discretion" of the Attorney General; no right to pre-transfer hearing); see also Cohen v. United States, 151 F.3d 1338, 1345 (11th Cir. 1998), *cert. denied*, 526 U.S. 1130 (1999) (placement of prisoners is discretionary).

    As a practical matter, it has proven time-consuming and difficult to arrange for the Defendant's appearance for hearings. As a result, he was not able to attend the last hearing and it has been difficult to obtain his appearance for the upcoming hearing. In addition, as conditions have improved with the pandemic, it is likely that in-person hearings will resume, at which point the hearings will no longer be held online. Given these practical difficulties and the legal landscape, which makes it evident that the USMS has the authority to determine where to house its prisoners, the government requests that the Court lift the order delaying the Defendant's transfer to Washington, D.C.

WHEREFORE, the government respectfully requests that this Court lift the Order Delaying Defendant's Transport to the District of Columbia.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 996787

By:

　　　/s/   Melissa Jackson
MELISSA JACKSON
Assistant United States Attorney
D.C. Bar No. 996787
555 Fourth Street, N.W.,
Washington, DC 20530
Melissa.Jackson@usdoj.gov
(202) 252-7786

　　　/s/   Jocelyn Bond
JOCELYN BOND
Assistant United States Attorney
D.C. Bar No. 1008904
555 Fourth Street, N.W.,
Washington, DC 20530
Jocelyn.Bond@usdoj.gov
(202) 252-2571

3