UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No: 21-cr-40-TNM |
| | : | |
| **CHRISTOPHER J. QUAGLIN,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

**DEFENSE OPPOSITION TO UNITED STATES MOTION TO LIFT ORDER STAYING TRANSPORT TO THE DISTRICT OF COLUMBIA**

The Defense for Christopher J. Quaglin, having received the Government's motion to lift the order "delaying" the Defendant's transport to the District of Columbia, opposes same and relies on the following:

**Factual Background**

1. On April 6, 2021, Mr. Quaglin was arrested at his residence in North Brunswick, New Jersey by the Federal Bureau of Investigations without incident. Mr. Quaglin did not resist, cooperated with the authorities and exhibited no violent behavior. Mr. Quaglin was charged by complaint with Assaulting, resisting or impeding Certain Officers or Employees in violation of 18 U.S.C. 111(b); Civil Disorder in violation of 18 U.S.C. 231(a)(3); and Obstruction of Official Proceeding in violation of 18 U.S.C. 1512(c)(2).

2. At Mr. Quaglin's initial appearance before U.S. Magistrate Judge Quraishi in the District of New Jersey, the Court, after listening to both parties arguments and considering the

recommendation of pretrial services, denied the Government's request that Mr. Quaglin be detained pending trial and released him to home detention with electronic monitoring, an unsecured bond in the amount of $75,000 and several conditions.

2. The Government filed an appeal with the D.C District Court and Mr. Quaglin's release from incarceration was stayed pending the appeal of the Honorable Magistrate Judge Qureshi's Order. As a result of the stay of the order to release, Mr. Quaglin remained incarcerated at the Essex County Correctional Facility where the Federal Government has a contract to hold federal inmates pending trial.

3. On April 16, 2021, a virtual hearing was held before D.C. Chief District Court Judge Beryl Howell in Washington D.C. where Mr. Quaglin was produced via zoom for the proceedings by the US Marshals without issue. Judge Howell, after over two hours of arguments, reversed the Magistrate Judge's Order releasing Mr. Quaglin with conditions and detained Mr. Quaglin. The Defense then moved that Mr. Quaglin not be transported to Washington DC for several reasons, including, but not limited to, transportation to District of Columbia interfering with attorney client communications, discovery review with the client, and the fact that Mr. Quaglin's family would more easily be able to visit him in New Jersey where they reside. Judge Howell granted the motion "Staying" Mr. Quaglin's transport to Washington D.C. with no objection from the Government for the reasons stated above and additionally reasoned that all future proceedings for the foreseeable future would be conducted virtually and as such, there was no need to transport Mr. Quaglin.

4. The Defense subsequently filed for an interlocutory appeal of the District Court's order detaining Mr. Quaglin with the United States Court of Appeals District of Columbia Circuit.

A scheduling order was issued and all briefs have been filed by all parties pursuant to that order. A decision by the United States Court of Appeals is pending and imminent.

5. On April 29, 2021, our office received an email from this Court advising that it was informed by the U.S. Marshals in New Jersey that it could no longer produce Mr. Quaglin for zoom hearings before the D.C. Court while he was housed in a New Jersey correctional facility, despite it doing so on April 16, 2021 before Judge Howell and despite the fact that Mr. Quaglin was being housed in the Federal unit of the New Jersey facility as per their contract.

6. On May 4, 2021, a conference was held before this Court and Mr. Quaglin's appearance was waived by the Defense. Additionally, Mr. Quaglin's arraignment was filed pursuant to R. 10(b) waiving his appearance and the entering of a plea of not guilty which was subsequently accepted by the Court. A status conference was scheduled for June 6, 2021.

7. On June 4, 2021, an email communication was received by our office from the Court advising that, in it's attempt to produce Mr. Quaglin for the June 16th conference, it reached out to a Sgt. Navarro who provided the Court with email addresses for deputies Jerry Sansezerino and Jessica Tyminski and that Sgt. Navarro said the Court could send the Zoom link for the June 16th zoom hearing. The Court indicated that it received a "bounce back from Sansezerino and had not received confirmation from Tyminski" with respect to it's attempt to have Quaglin produced via zoom for the court proceeding scheduled for June 16th.

7. On June 11, 2021, our office reached out to the Warden's office at the Essex County Correctional Facility in New Jersey where Mr. Quaglin is being housed by the U.S. Marshals in connection to this matter. In an email to Kathy Coley, who works for the Warden, we wrote "Our office represents the above referenced Defendant, we are attempting to provide virtual

court (zoom) information for a court that is scheduled on Wednesday, June 16th.  Ms. Chaclan, Judge Trevor McFadden's courtroom deputy has sent said information to a couple of deputies (see email below) but has yet to hear back from them to confirm whether the Defendant will in fact be produced on this date. Would you be able to assist us in getting this information over to the appropriate people or perhaps steer us in the right direction?"  Ms. Coley responded the same day as follows: "Per the US Marshal Service; This is a Trenton case and the Supervisor (Grant), copied on my request, should be able to coordinate the VTC after the AUSA provides an order to produce, which includes the date and time of the hearing."

8. Our office, upon receipt of said email containing the good news that our client, Mr. Quaglin, could in fact be produced for our virtual hearing before this Court on June 16th, forwarded the email stating same by Ms. Coley of the Essex County Jail, where Mr. Quaglin is being housed by the US Marshals, to this Court and AUSA Melissa Jackson in an effort to coordinate our client's virtual appearance for the June 16th conference.

9. Within hours of that email being forwarded as stated above, the Government filed a motion asking to lift the order staying transport of Mr. Quaglin to the District of Columbia and asking the Court to order Mr. Quaglin transported from New Jersey to Washington D.C..

10. On June 11, 2021, our office emailed Chad W. Grant, Supervisory Deputy U.S. Marshall for the District of New Jersey and asked if there was anything our office could do to facilitate Mr. Quaglin's appearance.  On June 14, 2021, Mr. Grant responded via email indicating that Mr. Quaglin will be made available for our June 16th virtual zoom conference.

**Argument**

The United States Marshals Service (USMS) is a federal law enforcement agency in the United States. The USMS is a bureau within the U.S. Department of Justice, operating under the direction of the Attorney General, but serves as the enforcement arm of the United States federal courts to ensure the effective operation of the judiciary and integrity of the Constitution. The Constitution affords Defendant's with certain inalienable rights including, but not limited to, the right to effective assistance of counsel. U.S. Const. 6th Amend. A Court or prosecuting agency may not restrict defense counsel in the exercise of the representational duties and prerogatives attendant to our adversarial system of justice. Geders v. United States, 425 U.S. 80 (1976). Communication between a client and the attorney is key to an effective representation. Id. Transporting Mr. Quaglin from New Jersey to Washington DC serves no legitimate purpose other than to limit my ability to communicate with Mr. Quaglin and review discovery with him here in New Jersey as we prepare for trial. As US Marshal Grant has already advised that Mr. Quaglin will be produced virtually for our June 16th court conference, and future zoom conferences, the Government's motion is unnecessary and moot.

**CONCLUSION**

WHEREFORE, the Defense respectfully requests that the court deny the Government's motion to transport Mr. Quaglin to Washington DC pending trial.

Respectfully submitted,

                s/ Carlos Diaz-Cobo

                Carlos Diaz-Cobo, Esq.
                D.C. Bar Id: NJ 032