UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:21CR40-TNM |
| | ) | |
| DAVID LEE JUDD | ) | |

### Motion to Dismiss Counts 22, 38, and 46 of the Indictment for Failure to State a Claim

Comes now the Defendant, David Lee Judd ("Mr. Judd"), by and through undersigned counsel, Elizabeth Mullin, and hereby moves this Court, pursuant to Federal Rules of Criminal Procedure 12(b)(3)(B)(v) to dismiss Counts 22, 38, and 46 of the Indictment (ECF No. 102) for failure to state a claim. Specifically, these counts allege that Mr. Judd used or carried a deadly or dangerous weapon. Mr. Judd respectfully submits that the item that the government alleges to be a "deadly or dangerous weapon"—what appears to be a small firecracker or sparkler—does not qualify as such as a matter of law under controlling precedent. Therefore, all counts alleging use of a deadly or dangerous weapon must be dismissed.

### BACKGROUND

The government charged Mr. Judd with nine counts in a multi-defendant, 53-count Indictment. ECF No. 102. Count 22 charges Mr. Judd with Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b). Count 38 charges Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation

1

of 18 U.S.C. § 1752 (a)(2) and (b)(1)(A). Count 46 charges Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A).

In support of these charges, the government alleges that Mr. Judd tossed what appears to be a small firecracker or sparkler in the direction of Capitol police officers. Notably, the government does not allege that Mr. Judd caused injury to any officers or even that the firecracker activated, but nonetheless classified the object as a dangerous weapon for the purposes of the penalty enhancement. As discussed below, the small item Mr. Judd tossed does not qualify as a dangerous or deadly weapon under the relevant caselaw.[1]

## ARGUMENT

Although there is no controlling statutory definition of the term, courts have held that "deadly or dangerous weapon means any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person." *United States v. Klein*, No. CR 21-236 (JDB), 2021 WL 1377128, at *6 (D.D.C. Apr. 12, 2021) (citing *Bullock*, 970 F.3d); (internal citations omitted); *see also United States v. Chansley*, No. 21-CR-3 (RCL), 2021 WL 861079, at *7 (D.D.C. Mar. 8, 2021) (noting that the Bail Reform Act does not provide a definition for "dangerous weapon" and

---

[1] Mr. Judd has separately filed a Motion to Compel Discovery in support of his claim of selective prosecution. In that motion, undersigned counsel notes at least two other protest cases in which the government declined to classify a firecracker as a dangerous weapon—even where the firecracker caused injury. Doc. 138. This disparity in charging further supports Mr. Judd's claim herein, that is, that the small firecracker or sparkler he allegedly used on January 6 is not a dangerous or deadly weapon under controlling precedent.

2

relying on court holdings in similar contexts elsewhere in Title 18); *Strong v. United States*, 581 A.2d 383, 386 (D.C. 1990); *United States v. Broadie*, 452 F.3d 875, 881-82 (D.C. Cir. 2006). "An object is 'likely to produce great bodily injury' if: (1) the design of the object is such that in its ordinary use it is likely to cause great bodily injury; or (2) the surrounding circumstances indicate that an object *capable* of causing great bodily injury is *likely* in fact *so to be used*." *Broadie*, 452 F.3d at 881-82 (emphasis added). Both the case law and the noncontrolling statutory definitions recognize this binary between inherently dangerous weapons and non-inherently dangerous weapons (i.e., "ordinary instruments"). *See Id.*; *see also* U.S.S.G. § 1B1.1(E).

An inherently dangerous weapon is one that, in its ordinary use, is likely to cause great bodily injury. *Broadie*, 452 F.3d at 881-82. Common examples of inherently dangerous weapons are guns, knives, and explosives. *See, e.g.*, *Arrington*, 309 F.3d at 46; *see also Chansley*, 2021 WL 861079, at *7 (finding that a makeshift spear is an inherently dangerous weapon). But, for ordinary instruments, proof of a charge under § 111(b) requires proof of commission of any acts described in § 111(a) (*i.e.*, a forceful and threatening conduct), coupled with *a particular use* of an ordinary instrument such that it causes or appears likely to cause great bodily injury. *Broadie*, 452 F.3d at 882; *see also Id.* at 883 (holding that because the defendant's purpose in wielding the ASP baton could only have been to strike with it, it was therefore a dangerous weapon); *United States v. Rocha*, 598 F.3d 1144, 1154 (9th Cir. 2010) (quoting *Riggins*, 40 F.3d 1055, 1057 (9th Cir. 1994)); *see also United States v.*

*Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002) (holding that only because a car was used to drag an officer at high speeds, it qualified as a deadly weapon).

In perhaps the clearest statement of the law, this Court recently held that "[w]hether something is a 'dangerous' weapon depends on how it is used." *United States v. Gieswein*, No. 1:21CR24 (EGS), Mem. Op., ECF No. 29 at 38 (quoting *Gray v. United States*, 980 F. 3d 264, 267 (2d Cir. 2020)). This is because, as many courts have recognized, almost *any* object with otherwise peaceful purposes can be transformed into a "dangerous weapon" when used in an unusual manner rendering it capable of causing great bodily injury. *See United States v. Johnson*, 324 F.2d 264, 266 (4th Cir. 1963) ("[A]lmost any object 'which as used or attempted to be used may endanger life or inflict great bodily harm.'") (quoting *United States v. Anderson*, 190 F. Supp. 589, 591 (D. Md. 1960)). And it is why cases involving non-inherently dangerous weapons have typically only been pursued as enhancements when the objects were used to bludgeon or strike. *See, e.g.*, *United States v. LeCompte,* 108 F.3d 948, 952 (8th Cir. 1997) (rock and phone); *United States v. Gibson,* 896 F.2d 206, 209 n. 9 (6th Cir. 1990) (speeding car); *United States v. Wycoff,* 545 F.2d 679 (9th Cir. 1976) (iron pipe or wooden stick); *United States v. Anderson,* 425 F.2d 330 (7th Cir. 1970) (speeding car); *Brundage v. United States,* 365 F.2d 616 (10th Cir. 1966) (iron pipe); *Johnson,* 324 F.2d 264 (metal and plastic chair). Thus, the limitation to use that creates a risk of serious bodily injury is critical to avoid applying the enhancement more broadly than Congress intended.

Great or serious bodily injury is defined in Black's Law Dictionary as "[s]erious physical impairment of the human body; esp., bodily injury that creates a substantial risk of death or that causes serious, permanent disfigurement or protracted loss or impairment of the function of any body part or organ." INJURY, Black's Law Dictionary (11th ed. 2019) (citing Model Penal Code § 210.0(3)). Elsewhere in Title 18, serious bodily injury is similarly defined as: "bodily injury which involves--(A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty...." 18 U.S.C. § 1365. This definition was also recently offered by the government in detention proceedings for another January 6 case.[2]

In this case, the object in question appears to be a small, handheld firecracker or sparkler. The Merriam-Webster dictionary defines firecracker as "a usually paper cylinder containing an explosive and a fuse and set off to make a noise," and a sparkler as "a firework that throws off brilliant sparks on burning." At least one court has explicitly recognized firecrackers as having a "useful social and commercial purpose." *United States v. Johnson*, 152 F.3d 618, 627 (7th Cir. 1998) (in examining whether a defendant had designed a destructive device). By their very nature, small

---

[2] The government affirmatively adopted this definition in another recent bond hearing involving a January 6 defendant. *United States v. Owens*, No. 21-CR-286 (BAH), 2021 WL 2188144, at *7 (D.D.C. May 28, 2021) ("[T]he government employs the definition of 'serious bodily injury' in 18 U.S.C. § 113(b)(2), which defines the term[] by way of § 1365"). The same language appears throughout state statutes and local codes. *See, e.g.*, D.C. Code § 22–3001 (7).

firecrackers or sparklers such as the one allegedly used by Mr. Judd are intended to be used near people—such that the audible bang can be experienced by bystanders—to attract attention during celebrations or as a form of entertainment itself. There is no evidence to suggest that the object was used in a way that was likely to endanger life or inflict great bodily harm.

Of course, Mr. Judd readily concedes that manifesting serious bodily injury is not required to meet the second prong of the dangerous weapon definition under *Broadie*. However, when an object is *actually* used rather than brandished to threaten,[3] and no serious bodily injury occurs (or is even alleged), the use in question cannot be "capable of causing serious bodily injury" as a matter of logic or law. Under these circumstances, the small object allegedly used by Mr. Judd does not qualify as a "dangerous or deadly weapon," and the enhanced penalty provisions must be dismissed.

## CONCLUSION

For the reasons stated herein, or any others that appear to the Court after a hearing on this motion, Mr. Judd moves to dismiss all counts charging the use of a dangerous or deadly weapon.

---

[3] The government does not allege any facts or proffer any evidence to contend that Mr. Judd brandished or threatened use of the item at issue.

        Respectfully submitted,

        David Judd

        By Counsel

        \_\_\_/s/_____
        Elizabeth Mullin
        Virginia Bar Number 86668
        DC Bar Number 484020
        Assistant Federal Public Defender

        Office of the Federal Public Defender
        1650 King Street, Suite 500
        Alexandria, Virginia 22314
        (703) 600-0879 (T)
        (703) 600-0880 (F)
        Elizabeth_Mullin@fd.org (email)

## CERTIFICATE OF SERVICE

    I hereby certify that on October 25, 2021, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

        \_\_\_/s/_____
        Elizabeth Mullin
        Virginia Bar Number 86668
        DC Bar Number 484020
        Assistant Federal Public Defender