IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Crim. No. 21cr40 |
| ) | |
| ROBERT MORSS, ) | Hon. Trevor McFadden |
| Defendant. ) | |

MEMORANDUM OF LAW IN SUPPORT DEFENDANT'S MOTION TO SUBSTITUTE

Comes now Defendant Robert Morss, by prospective counsel, and moves this Court to substitute undersigned as attorney for Mr. Morss. In support of that motion, Mr. Morss states as follows:

Background

Mr. Morss sought out undersigned's representation, because, among other things, undersigned has served as an Army Ranger as has Mr. Morss. This shared background goes to more than mere comfort or affinity, as the Government has alleged that Mr. Morss used his training during his alleged activities on January 6th. Mr. Morss understandably believes that undersigned, by virtue of his training, has unique insight into him and his potential defenses.

Because undersigned currently represents a co-Defendant, Geoffrey Sills, undersigned met with both Mr. Sills and Mr. Morss explaining to each that (1) he had a Sixth Amendment right to counsel, which comprehends a conflict-free counsel; (2) possible conflicts could arise from my joint representation of him and the other co-defendant; and (3) he can waive his right to a conflict-free attorney. After these discussions, both Mr. Sills and Mr. Morss signed waivers.

Upon receipt of the signed waivers, undersigned filed the instant Motion to Substitute. The Court set a hearing on the Motion to Substitute for November 5, 2021.

1

Argument

Per Federal Rule of Criminal Procedure 44(c), the Court set a hearing on undersigned's Motion to Substitute. In pertinent part, Rule 44(c) provides:

> "[T]he court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of his right to the effective assistance of counsel, including separate representation. <u>Unless it appears that there is good cause to believe no conflict of interest is likely to arise</u>, the court shall take such measures as may be appropriate to protect each defendant's right to counsel."

(emphasis added). Here, there is good cause to believe no conflict of interest will likely arise. Moreover, even if the Court is concerned a potential conflict may arise, any reasonably likely potential conflict is waivable, and both Defendants have provided knowing and voluntary waivers to any such potential conflict.

A. No Conflict of Interest

DC Rules of Professional conduct provide the following elaboration on conflicts of interest:

> Rule 1.7: Conflict of Interest: General Rule
>
> (a) A lawyer shall not advance two or more adverse positions in the same matter.
>
> (b) Except as permitted by paragraph (c) below, a lawyer shall not represent a client with respect to a matter if:
>
>> (1) That matter involves a specific party or parties and a position to be taken by that client in that matter is adverse to a position taken or to be taken by another client in the same matter even though that client is unrepresented or represented by a different lawyer;
>>
>> (2) Such representation will be or is likely to be adversely affected by representation of another client;
>>
>> (3) Representation of another client will be or is likely to be adversely affected by such representation;
>
> ***

DC Prof. Rule 1.7.

2

A quick review of the pertinent facts indicates that joint representation in this instance does not give rise to the concerns or conflicts of interest typically attending joint representation. Indeed, every indication is that the joinder of Mr. Sills and Mr. Morss' cases was driven solely by administrative expedience.  To wit:  Mr. Sills and Mr. Morss do not know each other and have never met; the indictment does not allege conspiracy or any collaboration between Mr. Sills and Mr. Morss; and the indictment does not allege that Mr. Sills and Mr. Morss acted in concert with a common co-defendant.  In sum, the interests of Mr. Sills and Mr. Morss are not adverse, and any position taken on account of either would not be adverse to the other.

Despite the lack of any nexus between the alleged actions of Mr. Sills and Mr. Morss, the Government has expressed the concern that defense counsel might be called upon to compare and contrast the respective situations of each if charges proceed to sentencing.  But such an occurrence is no different than what a defense attorney is called upon to do every time he represents different defendants sentenced on similar charges.  Moreover, the Court should not discount the uniqueness of circumstances before the Court.  At last count, over 600 individuals have been indicted for activities connected to January 6th.  It cannot be the case that defense counsel has a conflict representing multiple January 6th-Defendants, irrespective of nexus, merely because sentencing arguments may undertake to compare and contrast amongst the 600 different defendants.

B.  Defendants can waive any such potential conflict

Even if the Court foresees a potential conflict arising, Mr. Sills and Mr. Morss can waive that potential conflict.

The Sixth Amendment guarantees a criminal defendant the right to counsel, which comprehends "a right to representation that is free from conflicts of interest." *Wood v.*

*Georgia,* 450 U.S. 261, 271 (1981).  However, like other constitutional rights, "the Sixth Amendment right to conflict-free representation is subject to knowing and voluntary waiver." *U.S. v. Lopesierra–Gutierrez,* 708 F.3d 193, 200 (D.C.Cir.2013); see *also Wheat v. United States,* 486 U.S. 153, 160 (1988).  While a defendant's power to waive this right arises from the Sixth Amendment right to counsel of choice, a defendant's counsel-of-choice right may sometimes be trumped by a conflict of interest.  *Wheat*, 486 US at 159-160.

"A court balances the defendant's right to choose his representative against *both* the defendant's countervailing right to conflict-free representation *and* the court's independent interest in the integrity of criminal proceedings." *United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 200 (D.C. Cir. 2013)(citing *United States v. Edelmann,* 458 F.3d 791, 806–07 (8th Cir.2006)).  "The outcome of that balance turns on the nature and extent of the conflict."  *Id.*

Here, any balancing must result in permitting Mr. Sills and Mr. Morss to be represented by their attorney of choice given (a) the exceedingly slight chance of a conflict arising, (b) the fact that the potential conflict would arise only at sentencing, and (c) the fact that Mr. Sills and Mr. Morss both executed knowing and voluntary waivers.

C.  <u>Defendants executed a knowing and voluntary waiver.</u>

As stated, Mr. Sills and Mr. Morss both executed knowing and voluntary waivers of their right to counsel that only represents him.  With these waivers, and given the circumstances of joinder in this case, undersigned's joint representation of Mr. Sills and Mr. Morss is eminently reasonable.

District of Columbia Rule of Professional Conduct 1.7(c) provides that a "lawyer may represent a client with respect to a matter in which a conflict arises due to simultaneous representation if

(1) Each potentially affected client provides informed consent to such representation after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of such representation; and

(2) The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client."

DC Prof. Rule 1.7.

Mr. Sills and Mr. Morss were informed of their right to counsel and were provided a frank assessment of the existence of any potential conflict arising from undersigned's joint representation of them. After the discussion, each signed a waiver.

As to the second prong, undersigned reasonably believes he will be able to provide competent and diligent representation to both Mr. Sills and Mr. Morss for the reasons elaborated above.

Wherefore for these reasons, the Court should, after the appropriate colloquies and inquiry, grant Mr. Morss' Motion to Substitute.

                Respectfully Submitted,

                ROBERT MORSS

                ____/s/_____
                John C. Kiyonaga
                600 Cameron Street
                Alexandria, VA 22314
                Phone: 703-739-0009
                Fax: 703-340-1642
                Email: john@johnckiyonaga.com

                Potential Counsel for Defendant

## Certificate of Electronic Service

    I hereby certify that on November 4, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

                                                                              ____/s/_____
                                                                               John C. Kiyonaga

Case 1:21-cr-00040-TNM   Document 165   Filed 11/04/21   Page 6 of 6