UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>GARRET MILLER,<br><br>    *Defendant*. | Criminal Action No. 1:21-cr-00119 (CJN) |

**ORDER**

    Garret Miller, a January 6 defendant, claims that he is the victim of selective prosecution. Pointing to the Department of Justice's charging decisions (or lack thereof) for rioters in Portland, Oregon, he asks the Court to compel discovery and grant an evidentiary hearing on his claim. *See* Motion for Discovery and for an Evidentiary Hearing ("Mot."), ECF No. 32. But the evidence Miller points to is not enough. The Court will thus deny his Motion.

    The Executive Branch has "broad discretion" in "enforc[ing] the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 465 (1996) (quotation omitted); *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016). But that discretion has its limits. The Fifth Amendment prohibits the federal government from pursuing criminal charges against a citizen that amount to a "'practical denial' of equal protection of law." *Armstrong*, 517 U.S. at 465 (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886)). A claim of "selective prosecution" guards against this illegality. *Id.*

    Miller must make two showings, each by "clear evidence," to establish his claim of selective prosecution. *See Att'y Gen. of U.S. v. Irish People, Inc.*, 684 F.2d 928, 932 (D.C. Cir. 1982). He must demonstrate both that the prosecution had a "discriminatory effect" and that it arose from "discriminatory intent." *Armstrong*, 517 U.S. at 465. Producing evidence of such

1

discriminatory effect and discriminatory intent often requires discovery. *See* Jonathan J. Marshall, *Selective Civil Rights Enforcement and Religious Liberty*, 72 Stan. L. Rev. 1421, 1448 (2020).

To get discovery on his claim, Miller must offer "some evidence" tending to show both a discriminatory effect and discriminatory intent. *United States v. Bass*, 536 U.S. 862, 863 (2002). If the standard sounds familiar to the one for *proving* a selective-prosecution claim, it should. The Supreme Court has adopted this "correspondingly rigorous" standard to guard against costly resource allocation and the disclosure of sensitive information. *Armstrong*, 517 U.S. at 468; *United States v. Khanu*, 664 F. Supp. 2d 28, 31 (D.D.C. 2009). The some-evidence standard "is only slightly lower" than the clear-evidence standard. *United States v. Hare*, 820 F.3d 93, 99 (4th Cir. 2016) (quoting *United States v. Venable*, 666 F.3d 893, 900 (4th Cir. 2012)) (quotation marks omitted); *United States v. Sellers*, 906 F.3d 848, 852 (9th Cir. 2018) (noting that the some-evidence "standard was intentionally hewn closely to the claim's merits requirements"); *United States v. Alameh*, 341 F.3d 167, 173 (2d Cir. 2003) ("The standard for discovery is correspondingly rigorous, . . . but of course not identical to the standard applied to the merits."); *United States v. Lewis*, 517 F.3d 20, 25 (1st Cir. 2008) ("The evidentiary threshold that a defendant must cross in order to obtain discovery in aid of a selective prosecution claim is somewhat below 'clear evidence,' but it is nonetheless fairly high.").

Miller submits that he "has become familiar with how the Department of Justice has handled the bulk of the 18 U.S.C. § 231(a)(3) and 18 U.S.C. § 111 charges arising out of the Portland riots, which took place during the summer of 2020," Mot. at 5, and suggests that his treatment on identical charges, *see* Superseding Indictment, ECF No. 30, at 2–3, is discriminatory. In support of his position, he points to Portland cases that were either dismissed, are headed towards dismissal, or have received "extremely favorable plea agreements." *Id.* at 8–16. Yet

2

despite his efforts, Miller has produced inadequate evidence of either discriminatory effect or discriminatory intent to obtain discovery here.

As to discriminatory effect, a defendant like Miller who seeks discovery must adduce "some evidence that similarly situated defendants . . . could have been prosecuted, but were not." *Armstrong*, 517 U.S. at 469; *Branch Ministries v. Rossotti*, 211 F.3d 137, 144 (D.C. Cir. 2000). Whether others qualify as similarly situated hinges on whether the "circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect" to the comparator. *Rossotti*, 211 F.3d at 145 (quoting *Irish People, Inc.*, 684 F.2d at 946). But there are obvious differences between those, like Miller, who stormed the Capitol on January 6, 2021, and those who rioted in the streets of Portland in the summer of 2020. The Portland rioters' conduct, while obviously serious, did not target a proceeding prescribed by the Constitution and established to ensure a peaceful transition of power. Nor did the Portland rioters, unlike those who assailed America's Capitol in 2021, make it past the buildings' outer defenses. And Miller has failed to point to any Portland case that is similar to this one and in which the government made a substantially different prosecutorial decision. The circumstances between the riots in Portland and the uprising in the Nation's capital differ in kind and degree, and the Portland cases (and the government's prosecutorial decisions) are therefore not sufficiently similar to this case to support Miller's request for discovery.

As for improper prosecutorial motive, Miller must present a credible showing that the Government chose to prosecute "at least in part because of, not merely in spite of," his protected characteristic. *Wayte v. United States*, 470 U.S. 598, 610 (1985); *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1264 (10th Cir. 2006) ("[T]he discriminatory-purpose element requires a showing that discriminatory intent was a 'motivating factor in the decision' to enforce the

3

criminal law against the defendant," which can be "shown by either direct or circumstantial evidence."). Yet Miller points to no evidence of discriminatory intent other than "personal conclusions based on anecdotal evidence." *Armstrong*, 517 U.S. at 470. He contends that the government treated the Portland rioters favorably once President Biden assumed office. Mot. at 19. But speculation is not enough. That the government allegedly dismissed cases against some (but not all) Portland rioters, or offered others (but not all) favorable plea deals, does not without more show the federal government is pursuing its claims against Miller and others like him because of a difference in politics. The government also has pointed to substantial differences in the evidence available to it with respect to the two groups. The January 6 attack happened in broad daylight, and much of what occurred was captured on video (whether from the Capitol, law enforcement officers, or the rioters themselves). In Portland, much of the illegal activity occurred at night and there is substantially less video evidence of what unfolded during the assault.

Accordingly, it is

**ORDERED** that the Motion for Discovery and for an Evidentiary Hearing, ECF No. 32, is **DENIED**.

DATE: December 21, 2021

CARL J. NICHOLS
United States District Judge