UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-cr-40-TNM |
| | : | |
| **PATRICK MCCAUGHEY, et al.** | : | |
| | : | |
| Defendant. | : | Status Hearing:  February 4, 2022 |

## PROPOSED ORDER

The United States of America has proposed a pretrial schedule to govern deadlines in advance of the two trial dates scheduled in this case.  As previously ordered, trial for **"Group 1" (including defendants McCaughey, Stevens, Morss, and Mehaffie)** is scheduled to begin on **August 29, 2022**, and trial for **"Group 2" (including defendants Judd, Quaglin, Sills, Cappuccio, and Klein)**, is scheduled to begin on **October 3, 2022**.  In view of the reasonableness of the proposed deadlines, the preference to efficiently use judicial resources in resolving motions, and the necessity of addressing pretrial issues in a timely and orderly fashion so as to give each party sufficient time to prepare for trial, the Court hereby sets for the following scheduling order:

**Severance Motions and Responses**

On January 25, 2022, defendant Judd filed a motion seeking to sever his trial from that of his codefendants, arguing that his trial is improperly joined with that of his codefendants and that his substantive rights would be violated should he be required to go to trial with his codefendants. (ECF No. 207).  Similarly, on January 26, 2022, defendant Cappuccio filed a motion to sever his trial from that of his codefendants, arguing that he would be prejudiced in his defense should he be required to go to trial with his codefendants. (ECF No. 206)

In view of the possibility that additional defendants may seek to sever their trials from that of one or more of their codefendants, the court hereby **ORDERS:**

The government's responses to Mr. Judd's and Mr. Cappuccio's severance motions are **STAYED** until April 1, 2022.  Any defendant seeking to sever his trial from that of any other codefendant must file a motion seeking severance no later than **March 4, 2022.**  The government must file a response to any motions to sever defendants at trial no later than **April 1, 2022.**  Replies are due by **April 15, 2022.**

**Additional Motions Pursuant to Rule 12 and Responses**:

The court further **ORDERS** that all other defense **motions** pursuant to Rule 12 of the Federal Rules of Criminal Procedure must be filed no later than **April 1, 2022**.  The government's **responses** to any Rule 12 motions filed by **Group 1 defendants** are due no later than **May 6, 2022.  Replies** by **Group 1** defendants are due by **May 20, 2022.**  The government's **responses** to any Rule 12 motions

filed by **Group 2 defendants** are due **May 20, 2022. Replies** by **Group 2** defendants are due by **June 3, 2022.**

### Other Motions, Expert Notice, and Responses:

The court further **ORDERS** that **all other pre-trial motions and notices** by any party including, but not limited to, motions *in limine*, motions to dismiss on any ground, and expert notice must be filed no later than **June 3, 2022**. **Responses** to motions and notices related to **Group 1 defendants** are due **July 1, 2022. Replies** related to **Group 1 defendants** are due on **July 15, 2022. Responses** to motions and notices related to **Group 2 defendants** are due **July 15, 2022. Replies** related to Group 2 defendants are due on **July 29, 2022.**

### Joint Pre-Trial Statement

The court further **ORDERS** that, prior to each trial, counsel for each party must meet and confer for the purpose of preparing a **Joint Pretrial Statement** for each trial group. The parties are directed to confer in good faith, and counsel for the United States shall file a Joint Pretrial Statement not later than **July 22, 2022 for the Group 1 trial**, and not later than **August 12, 2022 for the Group 2 trial**. Prior to submitting the Joint Pretrial Statement, the parties must discuss and attempt to resolve all objections. **Separate Pretrial Statements will be stricken,** *sua sponte*.

Counsel for the United States must file the Joint Pretrial Statement (including proposed voir dire questions, proposed jury instructions, and proposed verdict form) electronically via ECF, and submit physical and electronic Microsoft Word courtesy copies to chambers. The Joint Pretrial Statement shall be double-spaced, in 12-point Times New Roman font, in Microsoft Word format, with margins of no less than one (1) inch. Two courtesy hard copies of the Joint Pretrial Statement (including proposed voir dire questions, proposed jury instructions, and proposed verdict form) shall be delivered to chambers by close of business on the deadlines described above. An electronic Microsoft Word copy shall also be emailed to chambers by close of business on the deadlines above.

**The Joint Pretrial Statement must include the following**:

1. **Parties and Counsel:** List names, addresses, and telephone numbers of all counsel on whose behalf the Joint Pretrial Statement is filed. List names of lead counsel who intend to try the case. List the full legal name of the Defendant.

2. **Nature of the Case:** Provide a brief and neutral statement describing the nature of the case for the Court to read to prospective jurors. This statement should be brief, clear, and non-argumentative so that it is appropriate for reading to the jury.

3. **Undisputed Issues/Stipulations:** List all issues not in dispute or facts to which the parties have stipulated.

4. **Witness Schedule:** List the name of each witness that may be called by a party, including rebuttal witnesses. Opinion witnesses shall be designated by an asterisk.

Each party shall indicate whether any witnesses will testify through an interpreter and, if so, shall indicate in which language the witness shall testify.

5. **Exhibits:**  List and describe each exhibit to be offered in evidence, including (if possible) rebuttal exhibits, with each exhibit identified by number, title, and date (if applicable).

**There is a presumption that no exhibit will be admitted at trial unless it is listed on the Joint Pretrial Statement.  A party seeking to admit an exhibit that is not included in the Joint Pretrial Statement must demonstrate that it has participated in good faith in preparing the Joint Pretrial Statement and that there is good cause for not having included the exhibit in the Joint Pretrial Statement in the first instance.**  Each listed exhibit will be presumed authentic and admissible at trial unless a written objection specifying the specific basis of the objection is made in the Joint Pretrial Statement. **If there are objections to an exhibit listed in the Joint Pretrial Statement, the exhibit shall be produced at the time the Joint Pretrial Statement is submitted. Two copies of the challenged exhibits shall be submitted to the court in separate three ring binders with appropriate tabs.** Objections that are not disclosed in the Joint Pretrial Statement, except those pursuant to Fed. R. Evid. 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the court for good cause shown.

The court expects most objections to exhibits to be cured by discussion between the parties, and the parties should stipulate to the admissibility of as many exhibits as possible.

   a. **Examination by Opposing Party:** Except where beyond the party's control or where otherwise impractical, each party shall make exhibits available for inspection and copying for the opposing party.

   b. **Marking:** Each party that anticipates offering more than five (5) exhibits as substantive evidence shall pre-mark such exhibits in advance of trial, using exhibit labels and lists available from the Clerk of the Court.  The court urges counsel to be judicious in determining which documents actually are relevant to necessary elements of the case.

   c. **Authentication of Exhibits:** Counsel requiring authentication of an opponent's exhibit must notify offering counsel in writing within 10 business days after the exhibit is identified and made available for examination. Failure to do so shall be deemed an admission of authenticity.

   d. **Exhibit Binders:** Before trial, the parties shall provide the court with two exhibit binders containing all exhibits that will be used at trial. At trial, the parties shall have an additional clean, unmarked copy of any exhibit to be shown to a witness, and an additional clean, unmarked copy for the display if the exhibit is to be admitted.

6. **Physical/Videotape Evidence:** Describe all physical and/or videotape evidence that will be used at trial, other than demonstrative exhibits. Such evidence listed in the Joint Pretrial Statement shall be deemed admissible at trial, unless an objection is made in the Joint Pretrial Statement, along with the specific basis for the objection and supporting legal authority.

7. **Pending Motions:** List all pending motions and indicate the title and filing date.

8. **Proposed voir dire questions** that indicate
   a. the voir dire questions on which the parties agree; and

    b. the voir dire questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

The objecting party shall specifically identify the objectionable portion of the voir dire question, along with the basis of the objection and citations to supporting legal authority

9. **Proposed Jury Instructions:** List all proposed jury instructions, followed by the text of each proposed instruction, as well as the specific source and citation for the proposed instructions (e.g., Modern Federal Jury Instructions (Criminal) § 3.03: Defendant's Connection to the Conspiracy (2016)) or, for modified or new instructions, specific supporting legal authority. Any variations or alterations of standard jury instructions shall be so noted and the proposed instructions shall be formatted so that each individual instruction begins a new page. Additionally, the parties shall indicate
   a. the instructions on which the parties agree; and
   b. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any);

The objecting party shall specifically identify the objectionable portion of the instruction, along with the basis of the objection and citations to supporting legal authority.
Attached to this Order is a list of the general jury instructions used by the court. To the extent the parties propose changes, they shall include the court's instruction, along with any proposed changes in redlined form.

10. **Verdict form: The parties shall prepare a proposed verdict form**, that includes proposed special interrogatories (if any). The proposed form shall also include a date and signature line for the jury foreperson.

Any party that objects to the proposed verdict form shall specifically identify the objectionable portion of the form, along with the basis of the objection and citations to supporting legal authority. Objections to the verdict form shall be accompanied by a proposed alternative form.

11. **Special Matters:** The parties shall identify any special considerations for trial, such as accommodations for persons with disabilities, or any other pertinent matters about which the court should be aware.

12. **Estimated Length of Trial:** List the number of days estimated for trial and set forth any scheduling problems with witnesses.

**SO ORDERED**

                                                                   The Honorable Trevor N. McFadden
                                                                   United States District Judge