Arnold & Porter Legislative History: P.L. 107-204

Sarbanes-Oxley Act of 2002
116 STAT. 745

TABLE OF CONTENTS

DEBATE

**\*1** SENATE CONSIDERATION, AMENDMENT AND PASSAGE OF S. 2763; THE
SENATE ADOPTED H.R. 3763 AFTER STRIKING THE LANGUAGE OF S. 2763 AS
PASSED; INSISTENCE UPON ITS AMENDMENTS AND REQUEST FOR CONFERENCE:
July 10, 2002
pp. S6524-6560

PUBLIC COMPANY ACCOUNTING REFORM AND INVESTOR PROTECTION ACT OF 2002

 The PRESIDING OFFICER. Under the previous order, the Senate will resume consideration of S. 2673, which the clerk will report by title.
 The assistant legislative clerk read as follows:
 A bill (S. 2673) to improve quality and transparency in financial reporting and independent audits and accounting services for public companies, to create a Public Company Accounting Oversight Board, to enhance the standard setting process for accounting practices, to strengthen the independence of firms that audit public companies, to increase corporate responsibility and the usefulness of corporate financial disclosure, to protect the objectivity and independence of securities analysts, to improve Securities and Exchange Commission resources and oversight, and for other purposes.

Pending:

 Daschle (for Leahy) amendment No. 4174, to provide for criminal prosecution of persons who alter or destroy evidence in certain Federal investigations or defraud investors of publicly traded securities.
 Gramm (for McConnell) amendment No. 4175 (to amendment No. 4174), to provide for certification of financial reports by labor organizations to improve quality and transparency in financial reporting and independent audits and accounting services for labor organizations.
 Miller amendment 4176, to amend the Internal Revenue Code of 1986 to require the signing of corporate tax returns by the chief executive officer of the corporation.
 The PRESIDING OFFICER. The Senator from Minnesota.
 Mr. WELLSTONE. Mr. President, I ask unanimous consent to be added as a cosponsor of the Leahy amendment.
 The PRESIDING OFFICER. Without objection, it is so ordered.
 Mr. WELLSTONE. Mr. President, I wanted to come out here on the floor and thank Senator Sarbanes for his leadership in putting together a piece of legislation that deals with structural reform of corporate governance and auditing independence.
 I also think what the chairman didn't do is very important. Senator Sarbanes didn't just call for a roundup of the usual suspects but for the prosecution of the worst offenders who deliberately have enriched themselves at the expense of the employees, investors, and creditors, and then try to claim that it is the end of the matter. This bill does hold bad actors accountable for their fraud and deception. And it is probably going to be stronger by the time it leaves the Senate Chamber.
 **\*2** The legislation goes much further, and it should because the problem goes much deeper. We are faced with much more than just the wrongdoing of individual executives. We are faced with a crisis in confidence in America's capital markets and in American business.
 These corporate insider scandals are threatening the economic security of families all across Minnesota, North Dakota, New Jersey, Maryland, and all across the country. It is heartbreaking. You have people who have taken their savings and put them

Mr. HATCH. Mr. President, I want to applaud President Bush and Senator LOTT for offering a comprehensive legislative proposal that calls for harsh, swift punishment of corporate executives who exploit the trust of their shareholders and employees, while enriching themselves.

This bill, which tracks the President's recent proposal, increases the criminal penalties that apply to fraud statutes that are frequently used to prosecute corporate wrongdoers. It also strengthens an existing obstruction of justice statute, and calls for an aggravated sentencing enhancement for frauds perpetrated by corporate officers and directors. Finally, it increases the Security and Exchange Commission's administrative enforcement tools by strengthening the SEC's ability to freeze improper payments to corporate executives while the company is under investigation, and by enabling the SEC to bar corporate officers and directors from continued service where they engage in serious misconduct.

I support these provisions because I strongly believe that it is critical that we hold corporate executives accountable for acts of wrongdoing. We can do so by supplying the SEC and federal prosecutors with the civil and criminal tools they need to investigate and prosecute acts of corporate misconduct.

Let me briefly elaborate on some of the specific provisions contained in this bill.

First, as I mentioned, the bill doubles the maximum prison term for mail and wire fraud offenses, from 5 years to 10 years. This is identical to a provision Senator Biden and I have included in our amendment. This is a necessary sentencing enhancement, and one that is long overdue. Because prosecutors frequently use the mail and wire statutes to charge acts of corporate misconduct, it is important that we ensure that the penalties that apply to such offenses are sufficiently severe to deter and punish corporate wrongdoers.

 \*72  Second, like the suggested enhancement contained in the bill Senator BIDEN and I have proposed, this amendment directs the U.S. Sentencing Commission to review the sentencing guidelines that apply to acts of corporate misconduct and to enhance the prison time that would apply to criminal frauds committed by corporate officers and directors. As I have stated, I strongly support such an enhancement because corporate leaders who hold high offices and breach their duties of trust should face stiff penalties.

Third, the amendment strengthens an existing federal offense that is often used to prosecute document shredding and other forms of obstruction of justice. Section 1520 of Title 18 of the United States code currently prohibits individuals from persuading others to engage in obstructive conduct. However, it does not prohibit an act of destruction committed by a defendant acting alone. While other existing obstruction of justice statutes cover acts of destruction that are committed by and individual acting alone, such statutes have been interpreted as applying only where a proceeding is pending, and a subpoena has been issued for the evidence that is destroyed.

This amendment closes this loophole by broadening the scope of the Section 1512. Like the new document destruction provision contained in S. 2010, this amendment would permit the government to prosecute an individual who acts alone in destroying evidence, even where the evidence is destroyed prior to the issuance of a grand jury subpoena.

Prosecutors in the Andersen case succeeded in convicting the corporation. However, in order to so, they had to prove that a person in the corporation corruptly persuaded another to destroy or alter documents, and acted with the intent to obstruct an investigation. Certainly, one who acts with the intent to obstruct an investigation should be criminally liable even if he or she acts alone in destroying or altering documents. This amendment will ensure that individuals acting alone would be liable for such criminal acts.

This amendment also includes new statutory provision that will strengthen the SEC's ability to freeze improper payments to corporate executives while a company is under investigation. These provision would prevent corporate executives from enriching themselves while a company is subject to an SEC investigation, but before the SEC has gathered sufficient evidence to file formal charges.

In particular, these provisions would enable to SEC to freeze improper payments by obtaining a federal court order. The order, which could last for 45 days and be extended upon a showing of good cause, would freeze extraordinary payments to corporate executives and require that such payments be escrowed. And where an executive is charged with a securities law violation prior to the expiration of the court order, the escrow would continue, with court approval, until the conclusion of legal proceedings.

 \*73  Finally, the amendment grants the SEC the authority to bar individuals who have engaged in serious misconduct from serving as officers and directors of nay public company. Under current law, only a court may order an officer and director bar. In an SEC enforcement action, a court may issue an order that bars a person from acting as an officer or director of a public company where the person has committed a securities fraud violation, and his or her conduct demonstrates "substantial