IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                                                  Case No.:  21-cr-40-3 (TNM)

DAVID LEE JUDD,

Defendant.

**MOTION IN LIMINE TO PRECLUDE CLAIM OF SELF-DEFENSE**

The United States of America respectfully moves in limine to preclude the defendant from raising a claim of self-defense.  The available facts, as a matter of law, do not support a claim of self-defense because they show that the defendant was the initial aggressor, attacking a police line that had only been established because the police had been forced to fall back due to the actions of the mob.  In the alternative, the government requests that the defendant provide a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether the defendant is entitled as a matter of law to assert self-defense.

**INTRODUCTION**

Defendant Judd is charged with three counts of assaulting, resisting, or impeding a federal officer. In Counts 16 and 33 of the indictment, Judd is charged with assaulting, resisting, or impeding a federal officer and aiding and abetting, in violation of 18 U.S.C. § 111(a)(1) and 2. In Count 22 of the indictment, Judd is charged with assaulting, resisting, or impeding a federal officer with a deadly or dangerous weapon, that is, a firecracker, in violation of 18 U.S.C. § 111(a)(1) and (b).

To meet its burden of proof at trial, the government will seek to admit video evidence showing the defendant committing these several instances of assaultive conduct, when he joined the mob in overwhelming law enforcement on the West Front of the U.S. Capitol and forced their way into the "tunnel" created by the structures present on the Lower West Terrace. Specifically, at approximately 2:52 p.m., Judd joined other rioters at the entrance of the tunnel, and at approximately 2:56 p.m., as seen on U.S. Capitol Police ("USCP") surveillance, Judd joined the group of rioters that pushed in unison against the officers guarding the Lower West Terrace door. (Count 16). As captured in video filmed by another rioter, multiple rioters can be heard yelling "ready, heave" as the group pushed in unison. Judd subsequently exited the tunnel area.



At approximately 3:06 p.m. Judd walked back into the tunnel. He then lit an object on fire and threw it at the line of law enforcement officers who were guarding the Lower West Terrace doors, as shown by USCP footage. (Count 22). Judd then turned and walked out of the tunnel.



Then, around 4:16 p.m., Judd once again joined a large group of rioters pushing against law enforcement officers guarding the Lower West Terrace doors, as shown in the still of USCP surveillance footage below with a red rectangle around Judd. The rioters pushed as a group against the officers for a few minutes until they were forced back out of the tunnel by law enforcement. (Count 33).



This evidence shows that the defendant attacked the police line multiple times without provocation.

## ARGUMENT

Section 111 makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with" a federal officer in the performance of the officer's duties. 18

U.S.C. § 111(a)(1). A defendant charged under Section 111 may assert, as an affirmative defense, a theory of self-defense, "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982).

"A defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself." *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018) (internal quotation marks and citation omitted). That principle applies fully to Section 111 prosecutions. *See, e.g.*, *United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019) ("Mumuni was the initial aggressor in the altercation with Agent Coughlin; as such, he could not, as a matter of law, have been acting in self-defense."); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

The proffered video evidence demonstrates that the defendant was the initial aggressor in each of the charged assaults this case. No officer applied force to the defendant at any point before these assaults. Indeed, the video evidence shows that the defendant was rarely in arms reach of any of the officers when he pushed with the crowd or threw a lit firecracker at the police line. Any contact made by officers attempting to push back the crowd were incidental contacts with the defendant when trying to keep order. Crowd control measures, like use of OC spray, batons and shields, were not provocation, but defensive responses to stop the mob from entering the U.S Capitol building. It was the defendant who initiated these violent physical attacks. He therefore cannot, as a matter of law, seek acquittal on the Section 111 charge by asserting self-defense.

Other circumstances depicted in the videos do not bear on the elements of self-defense. Defendant may have objected to law enforcement's presence at the U.S. Capitol, their effort to

detain other individuals at the scene, or their directives that he move from his position and leave the area. None of that matters. *See United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (observing that "harsh words from another, insulting words, demeaning words, or even fighting words" does not provide license to "stab the offending speaker in the neck, bash their skull with a baseball bat, send a bullet to their heart, or otherwise deploy deadly force in response to the insult"). Because the defendant "was the attacker" in this case, *ibid.*, he cannot advance a self-defense theory.

## CONCLUSION

For these reasons, the United States respectfully moves the Court to preclude the defendant from raising a claim of self-defense or, in the alternative, require the defendant to make a pre-trial proffer of facts that would permit the Court to decide whether he is entitled as a matter of law to assert self-defense.

Dated June 3, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:  /s/
KIMBERLY L. PASCHALL
D.C. Bar No. 1015665
ASHLEY AKERS
Missouri Bar No. 69601
JOCELYN BOND
D.C. Bar No. 1008904
Assistant United States Attorneys
Capitol Siege Section
601 D Street, N.W.,
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov