UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-cr-00040-TNM** |
| | ) | |
| **DAVID MEHAFFIE,** | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

### DEFENDANT DAVID MEHAFFIE'S MOTION *IN LIMINE* NO. 1 --

### NARRATION OF VIDEO EVIDENCE

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

NOW COMES Defendant David Mehaffie, by and through his counsel of record, William L. Shipley, Esp., and respectfully request this Honorable Court issue and *in limine* order to preclude any government witness from offering testimony in the form of a narration of events depicted on any video footage offered into evidence during either the Government's case-in-chief or rebuttal case.

If an individual is not properly qualified as an expert, did not witness the depicted events while present at the scene of the crime, and lacks greater ability to correctly identify the defendant than the jury, that individual is prohibited from testifying to what is being shown on a video evidence.  United States v. Shabazz, 564 F.3d 280, 287 (3d Cir.2009).

In Shabazz, a co-perpetrator testified against the defendant and narrated video surveillance footage of a robbery alleged to have been committed by the defendant.  But the District Court limited the narration of the video to the events the co-perpetrator was involved in on the basis that he was a percipient witness to those events.  The District Court prohibited narration of those portions of the video that the witness had not seen at the time of the robbery.  To allow narration on events not personally observed would have converted a fact witness into a lay opinion witness.

In United States v. Dixon, 413 F.3d 540, 545 (6th Cir.2005), the district court prohibited identification testimony of the defendant in surveillance photographs which was to be offered by the defendant's son and two ex-wives.  The Court prohibited the testimony on the ground that their testimony would not assist the jury in determining whether the individual depicted in the photograph was, in fact, the defendant.

> [T]he district court found that the evidence failed to establish that either Dixon, Jr. or Alexander was familiar with Dixon's appearance at the specific time of the offense. The court also found that the evidence indicated that Dixon had not altered his appearance prior to trial. These factual findings are supported by the evidence and are not clearly

erroneous. Moreover, our review of the surveillance photograph indicates that it is not of particularly poor or grainy quality, and it fully depicts the suspect's body from the waist up. Accordingly, the district court did not abuse its discretion in excluding the identification testimony of Dixon, Jr. and Alexander on the ground that it would not significantly aid the jury in determining whether the person in the surveillance photograph is Dixon.

See also, State v. Buie, 671 S.E.2d 351, 354–56 (N.C.Ct.App.2009); Gonzales v. State, No. 2–04–466–CR, 2006 WL 820387, at *3 (Tex.App. Mar. 30, 2006) (unpublished); see also Robinson v. People, 927 P.2d 381, 384 (Colo.1996) ("[A] lay witness may testify regarding the identity of a person depicted in a surveillance photograph if there was some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury.")

The government has multiple videos and still images of the defendants in this case. The jury will not need the assistance of narration to determine whether Mr. Mehaffie or his co-defendants were among the individuals captured in those videos and still images, and what they did or did not do. The jurors will be allowed to review videos introduced into evidence and reach their own conclusions about what those videos show. The government should not be allowed to "argue" what is visible using testimony from a witnesses who were not present about what is depicted via a narration that fits the government's theory of criminality.

Dated: June 4, 2022                    Respectfully submitted,
                                       /s/ William L. Shipley
                                       William L. Shipley, Jr., Esq.
                                       PO BOX 745
                                       Kailua, Hawaii 96734
                                       Tel: (808) 228-1341
                                       Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

3

## CERTIFICATE OF SERVICE

I, William L. Shipley, hereby certify that on this day, June 4, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ William L. Shipley
William L. Shipley, Jr., Esq.