UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.  )<br>)<br>DAVID MEHAFFIE,  )<br>)<br>)<br>Defendant  )<br>) | Case No. 21-cr-00040-TNM |

# DEFENDANT DAVID MEHAFFIE'S MOTION TO SEVER PURSUANT
# TO FEDERAL RULE OF CRIMINAL PROCEDURE 14(a)

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

Defendant David Mehaffie hereby moves this Court to order the severance of his case from those of his co-defendants McCaughey, Stevens, and Morss for purposes of trial pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure.

Defendant Mehaffie is aware of the Court's denial of motions to sever filed by Defendants Judd, Cappuccio, and Klein. ECF Doc. No. 290. But the arguments in favor of severance of Defendant Mehaffie transcend the arguments raised by those defendants, and the nature of the case/evidence against Mehaffie favors severance on grounds not addressed by the Court in its reasoning denying the earlier motions.

As was the case in the prior motions, Defendant Mehaffie is a stranger to all his co-defendants, there is no conspiriacy charge, and Mr. Mehaffie is not jointly charged with co-defendants on any count other than the §§ 1512 and 231 counts.

Besides those two counts, Defendant Mehaffie is charged alone in one count of simple assault, as well as two § 1752 misdemeanor counts.

Count 12 chargers Defendant Mehaffie with assault in violation of 18 U.S.C. § 111(a)(1) based on an aiding and abetting theory of liability as 18 U.S.C. § 2 is also charged. Count 12 does not identify, by initials or otherwise, the law enforcement officer who is the alleged victim of the assault charged against Defendant Mehaffie. Presumably, there will be no victim testimony implicating Defendant Mehaffie in any particular assault, and nothing in the indictment as a whole links Mr. Mehaffie to any assault charged against any co-defendant.

The discovery is bereft of any evidence – video or otherwise – showing Defendant Mehaffie himself assaulting any law enforcement officer, hence the Government's inclusion of the aiding and abetting allegation.

With respect to Count 12, the Government disclosed on April 22, 2022, that it would offer three videos as evidence against Defendant Mehaffie as to that Count:

1. BWC of Officer Bogner (subject to a motion *in limine* on 403 grounds)

2. Co-Defendant Sills video (Sills is set for trial with group 2)

3. A Social Media Video

None of those videos show an assault by Defendant Mehaffie on any particular law enforcement officer.

In the same April 22, 2022, disclosure the Government stated its intention to offer 38 videos as evidence against the three co-defendants set to be tried along with Mr. Mehaffie -- co-defendants McCaughey, Stevens, and Morss.

None of those 38 videos – 31 of which are BWC or CCTV -- relate to Defendant Mehaffie, and most are alleged to reflect evidence of substantive offenses by co-defendants McCaughey, Stevens and Morss who are charged with multiple counts of assault and robbery.

Defendant Mehaffie's motion for severance is based on the undeniable fact that there is a great disparity in the evidence to be offered against his co-defendants as compared to the evidence to be offered against him.  Controlling authority in this Circuit is the *en banc* Court's decision in United States v. Mardian, 546 F.2d 973, 980 (D.C.Cir. 1976) (*en banc*), cited as recently as 2020 in United States v. Mason, 951 F. 3d 567, 577 (D.C.Cir. 2020).

In Mardian, the Court referenced its prior favorable view of the rationale of the Second Circuit in United States v. Kelly, 349 F.2d 720, 756-759 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966):

> In Kelly the Court of Appeals for the Second Circuit emphasized that severance is among the most important safeguards available to minimize the risk of prejudice, and it ordered a new separate trial for the one alleged co-conspirator who was disadvantaged by the disproportion in the evidence. Id. at 756. [Citation omitted]. This court has often

expressed its acceptance of the rule announced in Kelly, <u>requiring severance</u> when the evidence against one or more defendants is "far more damaging" than the evidence against the moving party. [Emphasis added].

Mardian, 546 F.2d at 977.

<u>Kelly</u> involved a multi-defendant and long-term conspiracy to "pump and dump" securities. The case initially involved 20 defendants, 28 co-conspirators, and 160 counts. Only four defendants went to trial, including the three alleged masterminds of the overarching conspiracy. The fourth defendant – Schuck -- was a salesmen in the firm run by the other three. In finding that the District Court should have granted a severance for Schuck, the Second Circuit found:

> But Shuck is in a different position, and the failure of the trial judge to recognize this difference and to take the necessary steps to protect Shuck's rights makes it necessary for us to reverse the judgment of conviction against Shuck… [¶] What were the safeguards for the protection of Shuck that the trial judge should have applied…? One … peculiarly applicable in this case was the granting of a severance as to Shuck the moment it appeared that he was likely to be prejudiced by the accumulation of evidence of wrongdoing by his co-defendants…. [¶] The principal and inevitable prejudice, however, was caused by the slow but inexorable accumulation of evidence of fraudulent practices by Shuck's co-defendants Kelly and Hagen. The ingenious schemes and designs they formulated to cover their tracks as well as the shameless way in which they manipulated the market, thumbed their noses at the SEC and feathered their nests at the public expense, concealing their ill-gained pay-offs by means of organizations formed under the secrecy laws of Liechtenstein and Switzerland, must have stamped them in the eyes of the jurors as unscrupulous swindlers of the first rank. That some of this rubbed off on Shuck we cannot doubt.

Defendant Mehaffie faces similar circumstances. The accumulation of video evidence against his co-defendants is such that they may be "stamped in the eyes of the jurors" as violent members of the mob which is likely to be "rubbed off on" Mr. Mehaffie.

The Government will offer no evidence of Mr. Mehaffie engaging in any violence against anyone, but it will offer a large volume of evidence of his co-defendants allegedly engaging in violence against the Officers in the tunnel. It will then ask the jury to convict Mehaffie of

assault, obstruction of justice, and civil disorder based almost entirely on the videos allegedly showing violent conduct by others.

If Defendant Mehaffie was tried separately, the 38 videos to be admitted to prove substantive offenses by co-defendants McCaughey, Stevens and Morss would not be relevant to proving the Counts charged against Defendant Mehaffie. The cold reality is that Defendant Mehaffie will be forced to sit at the defense table with three strangers and watch as nearly 40 videos alleged to capture criminal activity by those three strangers are published to the jury. At most three videos – all different from the 38 videos against the co-defendants – will be shown by the government as evidence against Mr. Mehaffie.[1]

It is possible – in fact it is likely – that Defendant Mehaffie will be shown to be present in some videos which are alleged to show the illegal actions of his co-defendants as they were all in proximity to one another over the course of approximately 40 minutes. But those videos do not show any inculpatory conduct by Mr. Mehaffie as he is largely an onlooker from a vantage point he secured above the crowd by standing on a hand railing just to the side of the tunnel entrance while others were acting in various ways inside the tunnel and around him.

This evidentiary issue is significant in the context of the fact that the government is proceeding with an aiding and abetting theory of liability on the lone assault count naming Mehaffie. An aiding and abetting theory requires proof of specific intent by Mr. Mehaffie to bring about an assault committed by some other individual. "To prove aiding and abetting the

---

[1] As noted in a separate motion *in limine*, the BWC video from Officer Bogner shows someone other than Mr. Mehaffie breaking the glass of a locked door at an LWT entrance to the Capitol. Mr. Mehaffie has moved to exclude the video on Rule 403 grounds as there is no discernible audio of Mr. Mehaffie, the video shows he did not break the window, and the video invites speculation by jurors about whether Mr. Mehaffie might have said something to encourage the actions of the other protester. It does not show any inculpatory conduct by Mr. Mehaffie himself and is thus substantially more prejudicial than probative. If the Bogner BWC video is excluded, then the government has only two videos it has identified as evidence with regard to Mr. Mehaffie.

5

Government must demonstrate 'sufficient knowledge and participation to indicate that [the defendant] knowingly and wilfully participated in the offense in a manner that indicated he intended to make it succeed.'" United States v. Lucas, 67 F.3d 956, 959 (D.C.Cir. 1995)(quoting United States v. Raper, 676 F.2d 841, 849 (D.C. Cir. 1982).

Defendant Mehaffie intends to address legal and factual matters regarding the sufficiency of the evidence for the theory of criminality advanced by the government at the appropriate juncture in this case.

But at this point, absent severance, there is an extremely high risk that he will suffer prejudicial spillover from the nearly 40 videos allegedly depicting substantive criminal conduct of actual assaults and theft of property where his presence as a figure standing above the crowded scene outside the LWT entrance is impossible to not notice.

The Government makes no effort to identify a particular assault he is alleged to have aided and abetted. It seems intent on attempting to convict on a theory that his aiding and abetting was *sui generis* from the rest of the crowd because of his physical prominence in the videos, and urge the jury to find that he must have contributed meaningfully to some assaultive conduct by someone even if there is no evidence of a particular assault that Defendant Mehaffie "intended to make succeed."

Defendant Mehaffie's circumstances are different than those cited by the Court in denying the motions of co-defendants Judd, Cappucio and Klein. ECF Doc. No. 290.

The indictment and pretrial evidence here show almost nothing beyond "spatial and temporal proximity" between Mehaffie on the one hand, and co-defendants McCaughey, Stevens, and Morss on the other.

Mr. Mehaffie did not "battle police officers in the same location and at the same time" as his co-defendants, as this Court found was the case with Judd, Cappucino, and Klein.

He did not join in the group of protesters pushing against the line of Officers inside the tunnel.

He did not engage in dispossessing Officers of riot shields (and other property) and passing them back over the top of the crowd and out of the tunnel.

He did not engage in any act of violence against any Officer inside the tunnel.

In this circumstance, his conduct was completely unique and separate from the conduct of those around him.

Based on the foregoing, Defendant David Mehaffie moves this Court for an order severing him from the trial of his co-defendants, and rescheduling is case for trial at a later date.

Dated: June 4, 2022	Respectfully submitted,
	/s/ William L. Shipley
	William L. Shipley, Jr., Esq.
	PO BOX 745
	Kailua, Hawaii 96734
	Tel: (808) 228-1341
	Email: 808Shipleylaw@gmail.com

	*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I, William L. Shipley, hereby certify that on this day, June 4, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
