UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**, | |
| v. | |
| **ROBERT MORSS**, | Case No. 1:21-cr-00040-5 (TNM) |
| Defendant. | |

**MEMORANDUM ORDER**

The Government charges Robert Morss with multiple crimes for his actions on January 6, 2021. *See* Fifth Supers. Indictment, ECF No. 179. After his arrest, a magistrate judge granted the Government's motion to detain Morss pending trial. *See* Min. Entry, July 20, 2021. Last December, this Court affirmed that decision. *See* Dec. 17, 2021 H'rg Tr. at 13–19. Morss now asks the Court to reconsider that order. The Court denies his motion.[1]

Morss is one of nine co-defendants. The Court has already described the case's factual background several times. *See, e.g.*, *United States v. McCaughey*, No. 21-cr-40, 2022 WL 1604655, at *1 (D.D.C. May 20, 2022). It need not do so again here. And in its prior order, the Court also described the specific allegations against Morss. The Court incorporates by reference that factual description for purposes of this Order. The Court also incorporates the legal analysis from its previous order because Morss does not challenge it now.

Instead, he focuses on the progress of discovery. Morss says that the Government has taken too long on discovery in January 6 cases, with "no reliable end date" for production of all possible materials. *See* Mot. for Reconsideration of Pre-Trial Release at 1, ECF No. 283 (Mot.).[2]

---

[1] Morss's co-defendant Geoffrey Sills also joins this motion, *see* ECF No. 286, but provides no briefing specific to his own detention. The Court's denial now thus applies equally to Sills.

[2] All page citations refer to the pagination generated by the Court's CM/ECF system.

That delay has forced him into a choice:  insist on receiving all discovery before trial, even though further "delay means even more time incarcerated," *id.* at 5, or proceed to trial without all available evidence.  According to Morss, his pretrial detention is punitive—and therefore illegal—because of this conundrum.

To be sure, the Court has at times questioned the Government's discovery progress.  *See, e.g.*, Hr'g Tr. at 16, ECF No. 281.  But any delay here derives mainly from the prosecution of so many Defendants, not discovery delays.  The presence of so many parties has forced the Court to juggle its own schedule with that of nine defense counsel.  Any duel between that many datebooks will naturally create delay.  More, there have been—and continue to be—many defense motions here, far more than the average case.  The complexity of this case distinguishes it from most other January 6-related cases.

And it is Morss's own alleged conduct that places him among eight others.  He allegedly participated in a mob attack against police in the Lower West Tunnel.  His decision to join a violent crowd then has led him into such a crowded trial now.  *Accord McCaughey*, 2022 WL 1604655, at *2 ("Defendants worked together.  It is appropriate for them to be tried together.").

Even more to the point, multiple January 6 trials have occurred since March in this courthouse despite the Government's progress on discovery.  *See, e.g.*, *United States v. Guy Reffit,* 21-cr-32; *United States v. Thomas Webster*, 21-cr-208; *United States v. Thomas Robertson*, 21-cr-34; *United States v. Dustin Thompson*, 21-cr-161, *United States v. Timothy Hale-Cusanelli*, 21-cr-37.  Yet none of them have dealt with an indictment against so many Defendants.  It is not discovery that delays Morss's case, but the unique circumstance of the entire case.  And in any event, the Government has handed over all materials that will be part of

its case in chief against Morss.  *See* Gov't Opp'n to Def.'s Mot. to Reconsider at 2, ECF No. 291 (Opp'n).

The Court thus concludes that the unique features of Morss's case, and not the progress of discovery, caused any delay.  His arguments about discovery thus do not persuade the Court that his pretrial detention is punitive.[3]

The same conclusions also rebut Morss's argument that the Government has violated the Speedy Trial Act.  As the Government recites, the Court has consistently excluded time under the Act to accommodate plea negotiations, pretrial scheduling for various motions, and meetings between the Government and defense counsel.  *See* Opp'n at 6–8.  In a nine-Defendant case, those developments required time.  As for any time between now and the pretrial conference, the Act automatically excludes it based on the submission of pretrial motions, *see* 18 U.S.C. § 3161(h)(1)(D), including ones from other Defendants that Morss has joined, *see* ECF No. 334.  In sum, the realities of this case have required exclusion under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(7)(A) (allowing exclusion of time when "the ends of justice served . . . outweigh the best interests of the public and the defendant in a speedy trial").  The Government's progress on discovery, even if deficient, had little influence on those exclusions.[4]

Finally, Morss argues that the delay violates his Sixth Amendment right to a speedy trial.  *See* Mot. at 7–8.  The Court considers four factors under the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial;

---

[3]  Nor does his argument about the conditions of his confinement.  Morss complains of harassment at the Central Treatment Facility, *see* Mot. at 5, but the Court already considered those conditions in its prior order, *see* Dec. 17, 2021 Hr'g Tr. at 19.  Those past conditions thus do not provide a basis to reconsider Morss's detention.

[4]  Indeed, Morss disregards that "[o]n the present indictment, no time has elapsed on the Speedy Trial Clock."  Opp'n at 8.

and (4) prejudice caused by the delay. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Court must consider the factors together. *See United States v. Bikundi*, 926 F.3d 761, 779 (D.C. Cir. 2019). But to trigger this analysis, delay between accusation and trial must "cross the threshold dividing ordinary from presumptively prejudicial delay." *Id.* (cleaned up). "Generally, a delay of one year is presumptively prejudicial." *Id.*

The Government first filed a complaint against Morss a little less than a year ago, *see* Compl., Jun. 10, 2021. ECF No. 1, and his trial is scheduled for August. Thus, the relevant delay is more than one year, requiring analysis of the *Barker* factors.

On balance, those factors favor the Government. As to the first factor, the Constitution tolerates a longer delay for more complex charges and cases. *See Barker*, 407 U.S. at 531. This case is undeniably complex, involving "voluminous discovery and multiple defendants." *Bikundi*, 926 F.3d at 780. The delay of 14 months by the time of trial is therefore justifiable. *See id.* (holding an 18-month delay justifiable in a complex case).

The second factor likewise cuts against Morss. As described already, the presence of so many Defendants creates many logistical challenges. COVID-19 has also exacerbated those challenges. Since the beginning of 2021, the Chief Judge has limited the number of jury trials in the courthouse to avoid undue exposure of jurors and staff to COVID. *See* Opp'n at 9 (collecting Chief Judge's standing orders). Any delay thus stems not from the Government's discovery conduct, but from other extraordinary factors.

The third factor supports Morss because he has asserted his speedy trial rights well before now. *See* Hr'g Tr. at 21, ECF No. 281. But the fourth factor—prejudice from delay—does little to advance his claim. As part of this factor, the Court considers prejudice from "oppressive

4

pretrial incarceration," the "anxiety and concern of the accused, and "the possibility that the accused's defense will be impaired[.]" *Doggett*, 505 U.S. at 654.

The Court has already considered on Morss's detention and has found it neither punitive nor oppressive. *See supra*. Nor has Morss asserted any anxiety or concern over his charges. At most, he relies on the third type of prejudice—the impairment of his defense. He says that detention "has vastly complicated his dialogue with counsel, particularly" during discovery review. Mot. at 8.

That is not enough. Morss includes no "specific, articulable" incident where his detention has hindered the preparation of his defense. *United States v. Tchibassa*, 452 F.3d 918, 927 (D.C. Cir. 2006). And even if he did, Morss's situation is little different from any other pretrial detainee—many of whom have waited much longer than he in the COVID era for their trial. *See, e.g.*, *United States v. Robert Santana-Padron*, No. 20-cr-56 (arrested in March 2020 with trial scheduled in August 2022). Finally, not all types of impairments to a defendant's case will implicate his speedy trial rights. The Supreme Court has instead focused on the possibility that a delay dim the memories of relevant witnesses or will lead to lost exculpatory evidence. *See Doggett*, 505 U.S. at 654. Morss does not suggest that his delayed trial or his detention will cause either harm.

In sum, the balance of the *Barker* factors favors the Government. Morss has shown no violation of his speedy trial rights. The Court is acutely conscious of all defendants' Sixth Amendment and statutory speedy trial rights and the difficulties pretrial detention create. Still, the Defendant has been indicted for his alleged role in a violent mob attack on police officers protecting the U.S. Capitol and now faces trial along with several alleged confederates. And this all is taking place amid COVID restrictions. Given all this, Defendant's motion is meritless.

For these reasons, it is ORDERED that Defendant Morss's [283] Motion for Reconsideration is DENIED.

**SO ORDERED**.


Dated: June 9, 2022                                 TREVOR N. McFADDEN, U.S.D.J.