IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **V.** | § § | Crim. No. 21-40-8 (TNM) |
| **STEVEN CAPPUCCIO** | § § § | |

**DEFENDANT STEVEN CAPPUCCIO'S REPLY TO THE GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS COUNT THIRTY-FOUR OF THE FIFTH SUPERSEDING INDICTMENT**

Defendant Steven Cappuccio offers this reply to the Government's Memorandum in Opposition filed on May 27, 2022 (Doc. No. 296) to his Motion to Dismiss Count Thirty-Four of the Fifth Superseding Indictment. With the following limited exception, Steven Cappuccio rests on his original argument.

In footnote 2, the Government argues "the certification is 'merely ceremonial,'" adding such an interpretation would "come as a surprise to the thousands of rioters who descended on the Capitol believing otherwise." Mem. Opp'n 14 n.2. At the outset, subjective belief plays no role in the elements of the offense, thus it is unclear how the subjective belief of those present at the Capitol on January 6, 2021 bear any relevance. The argument is itself curious, given the context of the events of the day, and bears mention in discussing the definition of "official proceeding" addressed by the Government in pages 9 through 14 of its Memorandum.

An "official proceeding" must relate to something more than a pro forma or ministerial ceremony. *See United States v. Ermoian*, 752 F.3d 1165 (9th Cir. 2013) (discussing "official proceeding" generally). To obstruct an "official proceeding," it must have been the type for which different outcomes could result. For example, the typical § 1512(c) case involves the destruction of evidence, which could impact the outcome of a federal prosecution. The Certification of the

1

Electoral College is not such a proceeding, and in fact that fiction is precisely the argument that was levelled by then-President Trump and resisted by then-Vice President Mike Pence. *See* Mike Pence (@Mike Pence), Twitter (Jan. 26, 2021, 11 :02 a.m.), https://twitter.com/MikePence/status/1346879811151605762. The Twelfth Amendment to the U.S. Constitution explains that after electors have met and cast their votes, the "President of the Senate shall, in the presence of the Senate and the House of Representatives, open all the certificates and the votes shall then be counted[.]" Section 15 of Title 3 of the United States Code provides the details of this certification, including the opportunity for the Vice President to call for "objections."

The theory that the Vice President or any objectors could actually use this count as an opportunity to overturn an election is radical, and one which has been rejected by most mainstream legal experts. See Libby Cathey, *What Is the Electoral Count Act and Why Does It Present Problems*, ABC News (Jan. 31, 2022), https://abcnews.go.com/Politics/electoral-count-act-presentproblems/story?id=82396332. Because the Certification is simply a proforma or ministerial "proceeding," it cannot constitute an "official proceeding" under § 1512.

Considering the foregoing and the arguments contained in Steven Cappuccio's Motion to Dismiss, this Court is respectfully asked to dismiss Count Thirty-Four of the Fifth Superseding Indictment.

Respectfully submitted,

Maureen Scott Franco
Federal Public Defender


/S/
MARINA THAIS DOUENAT
Assistant Federal Public Defender
Western District of Texas
727 E Cesar E. Chavez Boulevard
Suite B-207
San Antonio, TX 78206
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, Marina-Thais Douenat, Assistant Federal Public Defender for the Western District of Texas, hereby certify that on the 10th day of June 2022 filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ MARINA-THAIS DOUENAT
Assistant Federal Public Defender