UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 21-cr-00040-TNM |
| ) | |
| PATRICK EDWARD MCCAUGHEY, ) | |
| III ) | |
| Defendant ) | |

**ATTORNEY RYAN MARSHALL'S RESPONSE TO COURT'S
ORDER TO SHOW CAUSE INQUIRY**

1

Attorney Ryan Marshall, counsel of record for Defendant David Mehaffie, submits this response to this Honorable Court's Order to Show Cause with regard to Attorney Marshall's pro hac vice status in this case.

Mr. Marshall is admitted to practice law in the state of California as a "Provisionally Licensed Attorney."  The California State Bar created this alternative pathway to admission to practice in California in response to the COVID-19 Pandemic.  This pathway allowed law school graduates to earned admission to the Bar without the sitting for the bar examination which were not offered during the pandemic.

The attached images come directly from the State Bar of California's website.[1]



---

[1] https://apps.calbar.ca.gov/provisional/

> **Provisionally Licensed Lawyer Profile**
>
> **Ryan Joseph Marshall #PL-560767**
>
> **License Status:** Active [11-02-2021]
>
> **Primary Supervising Attorney:** John Pierce
>
> **Employer's Name & Address:**
> Pierce Bainbridge
> 355 S Grand Ave 44th floor
> Los Angeles, CA 90071
>
> Work phone: 4242854943
> Work email: ryan9374@gmail.com

The following passages can be found on the State Bar of California's website.

> What a provisionally licensed lawyer can do
> Provisionally licensed lawyers are allowed to engage in all of the same activities that a fully licensed lawyer is permitted to engage in, under their supervising lawyer's supervision and subject to certain restrictions. Both the provisionally licensed lawyer and their supervising lawyer are expected to abide by all applicable State Bar rules and guidelines and are bound by the disciplinary authority of the California Supreme Court and the State Bar. [2]
>
> What professional services can a provisionally licensed lawyer (PLL) provide?
> • Under Rule 9.49, a provisionally licensed lawyer is allowed to provide a broad array of legal services for clients, including appearing before a court, drafting legal documents, contracts or transactional documents, and pleadings, engaging in negotiations and settlement discussions, and providing other legal advice, provided that the work is performed under the supervision of a qualifying supervising lawyer. Unlike other states that adopted provisional licensure programs, the limits on what a provisionally licensed lawyer can do, or what needs to be done under direct versus general supervision, are largely left to the supervising attorney to determine the readiness of the provisionally licensed lawyer. [3]

---

[2] https://www.calbar.ca.gov/Admissions/Special-Admissions/Provisionally-Licensed-Lawyers
[3] https://www.calbar.ca.gov/Portals/0/documents/admissions/Provisional-License-FAQs.pdf

3

Mr. Marshall's application to appear *pro hac vice* in this matter arose when Mr. Marshall was asked by then sole counsel of record John Pierce to make an in-person conference appearance on December 16, 2021 for a status conference. Mr. Pierce told Mr. Marshall that he would contact this Court's chambers to ensure that Mr. Marshall would be able to submit a motion to appear pro *hac vice* in this matter based on his provisional license status. Thereafter Mr. Pierce informed Mr. Marshall that such admission was allowed and that he would have the *pro hac vice* application prepared and filed. After Mr. Marshall's admission *pro hac vice* was granted, Mr. Marshall attended the single in person conference status conference before this Court on December 17, 2021, relaying to the Court and the Government information that Mr. Pierce had provided to him about the status of the case.

Mr. Shipley later became counsel of record along with Mr. Pierce, and Mr. Marshall has worked under the direct supervision of Mr. Shipley with respect to all aspects of his involvement in Mr. Mehaffie's defense.

With regard to the matters pending in Fayette County, Pennsylvania, Mr. Marshall has undertaken a series of steps to have that matter dismissed based on the misconduct of the District Attorney. The allegations arise out of a period during which Mr. Marshall worked as a judicial clerk to one of the Court of Common Pleas Judges of Fayette County.

There is strong evidence that the District Attorney's conduct has been for no other purpose than to interfere with Mr. Marshall's ability to finalize his licensing to practice law.

Since the charges have been filed, Mr. Marshall has exhausted nearly every possible remedy to move the case forward or have it dismissed. In response the District Attorney has ignored multiple Orders of the Pennsylvania Court where the case is pending. A few examples are as followed:

1. The DA's Office filed a criminal complaint against Mr. Marshall that does not even allege facts in support of the code violations that are listed.

2. The DA's Office failed to provide timely discovery regarding the crimes alleged, and then ignored a court order compelling his office to provide Mr. Marshall with all discovery relating to the charged offenses no later than October 11, 2021.[4]

3. The DA's Office failed to respond to Mr. Marshall's motion to dismiss filed on or about November 7, 2021.

4. The DA's Office filed a motion to recuse itself from the prosecution (at the request of Mr. Marshall) the day before a hearing on Mr. Marshall's motion to dismiss, which was calendared roughly three months in advance. The DA requested the Pennsylvania Attorney General take over the case.

5. After the Attorney General's Office declined to pursue the case, the DA's Office took back over the prosecution, still not having provided discovery or responding to the pending motion to dismiss.

6. At the most recent hearing in June, Mr. Marshall was offered a misdemeanor plea disposition involving a 3-month suspended sentence, followed by a withdrawal of all charges and an expungement of Mr. Marshall's record after 90 days. The DA's Office offered to allow Mr. Marshall to select the charge so that it would be one that a guilty plea would not result in a disqualification from Bar membership based on character and fitness.

Mr. Marshall has a court appearance scheduled for later this month where the hearing will be heard on his motion to dismiss, or where Mr. Marshall will enter a change of plea to a petty misdemeanor as a resolution of the matter.

Finally, the State Bar of California has been made aware of the ongoing matter of this case. Such information was provided when Mr. Marshall applied for his license as a Provisionally Licensed Attorney. During such time while this case was pending, the State Bar of California granted Mr. Marshall his Provisional License and has been kept apprised of the since granting such license. The Bar is awaiting the disposition of the case in which time it will move forward and finalize Mr. Marshall's Character and Fitness application.

---

[4] To date—Mr. Marshall *still* has not received any form of discovery.

Dated: July 15, 2022                                      Respectfully submitted,

                                                          /s/ Ryan Joseph-Gene Marshall
                                                          Ryan Joseph-Gene Marshall, Esq.
                                                          Provisionally Licensed Lawyer
                                                          California PL Bar # 560767
                                                          Tel: (424) 285-4943
                                                          Email: ryan9374@gmail.com

                                                          *Attorney for Defendant*