UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 21-cr-00040-TNM |
| ) | |
| **PATRICK EDWARD MCCAUGHEY,** ) | |
| **III** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**DEFENDANT DAVID MEHAFFIE'S REPLY TO GOVERNMENT RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* TO PRECLUDE INFLAMMATORY WORDS AND PHRASES**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

NOW comes Defendant, David Mehaffie, by and through his counsel of record, William L. Shipley, Esq., and files this Reply to the Government's Opposition to the *motion in limine* to preclude the use of inflammatory words and phrases by Government prosecutors and witnesses.

This motion requests that the Court preclude government prosecutors and witnesses from using inflammatory words or phrases such as "terrorist/terrorism," "insurrection," "sedition," "treason," "attack on the Capitol," "attack on democracy," "attack on Congress," and perhaps some additional phrases of the kind not explicitly outlined here ("etc."). ECF No. 331, at 2.

The Government's response doesn't address those specific words and phrases. Instead the Government posits, "What took place at the Capitol on January 6, 2021 may be properly described as a riot, breach, attack, assault, or insurrection."

Of those words or phrases, only "insurrection" is mentioned in the motion. "Insurrection" is a troubling word because it is a specific criminal offense that the Defendants are not charged with. See 18 U.S.C § 2383 ("Rebellion or Insurrection").

The same is true of other words and phrases referenced in the motion – "terrorism", "sedition" and "treason" -- all are separate crimes not charged in this case. Like "insurrection", use of such terms by the Prosecutors or witnesses violates Rule 403.

The Government cites United States v. Gartmon, 146 F.3d 1015 (D.C. Cir. 1998), but it is of no help to the Government. Gartmon involved a Rule 403 balancing with respect to substantive evidence – voice recordings of the

1

Defendant – admissible as statements that included "profane and abusive language." The Circuit Court determined that the District Court had properly balanced the probative value of the <u>Gartmon's</u> recorded statements against the prejudice of the profane and abusive language used by him, and ruled in favor of admitting the statements.[1]

The motion here doesn't address substantive evidence as was the case in <u>Gartmon</u>. It is a prophylactic measure intended to prevent trial participants from using "loaded" and unfairly prejudicial words and phrases in an editorial fashion when commenting on the alleged actions of the Defendants and others on January 6.

The government further argues that the words or phrases used would not give a rise concerns similar to those in <u>United States c. Berger</u>, 295 U.S. 78 (1935). This is entirely wrong – it is the same problem as in <u>Berger</u>.

The focus in <u>Berger</u> was error caused precisely by the inappropriate words and statements of the Prosecutor -- words and statements that misstated facts concerning the evidence in questions posed to witnesses, and unfairly prejudicial comments made by the Prosecutor before the jury.

Nevertheless, the government suggests that, in the alternative to an *in limine* order, Mr. Mehaffie should be "comforted" by the fact that this Court will instruct the jury that statements by the attorneys are not evidence, "They are

---

[1] It is worth noting that the language quoted by the Government from the Gartmon opinion didn't concern the "profane and abusive language" in the voice recordings – words and phrases such as at issue here. The quoted language regarding not "sanitizing" the case concerned substantive evidence of what the Court called an "outrageous" incident involving a threat made by the defendant against a witness using a gun. The defendant sought to have testimony about the threat precluded given the highly prejudicial nature of the details. The Court denied the motion as the evidence substantially increased the chance of conviction on a fraud scheme if the jury believed the witness's account of the threat as it would explain her conduct in carrying on with the fraud she was involved in. That was the context for the "sanitizing" quote used by the Government in its Opposition – it had nothing to do with limiting the vocabulary of the prosecutors or witnesses as is the case here.

2

only intended to assist you in understanding the evidence." The Government somehow thinks that Darden v. Wainwright, 477 U.S. 168, 181 (1986) gives cover to prosecutorial misconduct because the bar for reversal of a conviction on that basis is high.

But it is not the standard in federal criminal trial for the courtroom conduct of the prosecutor and government witnesses to use whatever language they choose so long as it does not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Id.

This argument seems to be another instance of the Government advancing the proposition that so long as the error at issue isn't too egregious, this Court should not stand in the way of the Government preferred course of conduct – error though it might be.

If the prosecutors and government witnesses want to discuss the events of January 6 using descriptions like "terrorist" or "terrorism", let them return to the grand jury and obtain a new indictment alleging a crime that fits the description.

"Insurrection", "sedition", "treason" – same response.

The Defendants are charged with obstruction and assault. The Government chose the charges it wanted to pursue at trial. The Defendants only ask that the Government be limited to trying the case it has brought and not an unfiled case that might be presented with more compelling language.

Using the names of crimes commonly known as "terrorism", "insurrection", "treason," "sedition," etc., to editorialize a criminal trial in which none of those crimes are charged is error *ab initio*. A criminal defendant's fair trial rights do not require that he be subjected to such error by the

3

Government while assured that the Court will come along to clean matters up at the end. Such is a remedy only provided after the horse has escaped the barn. Mr. Mehaffie is asking that the barn door be closed with the horse still inside.

To employ a few other tried and true euphemisms in this regard "one 'cannot unring a bell'; 'after the thrust of the saber it is difficult to say forget the wound'; and finally, 'if you throw a skunk into the jury box, you can't instruct the jury not to smell it.'" <u>Dunn v. U.S.</u>, 307 F.2d 883, 886 (5th Cir. 1982).

Date: July 15, 2022                                  Respectfully Submitted,

/s/ William L. Shipley
William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant David Mehaffie*

4

1