IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  Case No.: 21-cr-40 (TNM)

DAVID LEE JUDD,

Defendant.

**GOVERNMENT RESPONSE TO DEFENDANT MOTION FOR COURT TO USE A JURY QUESTIONNAIRE**

The United States of America now responds to Defendant David Lee Judd, Motion for Court to Use a Jury Questionnaire. ECF No. 317. In his motion, Defendant asks that (1) that the Court provide a questionnaire to summoned prospective jurors to complete prior to oral voir dire examination; and (2) that the parties be present for any pre-screening questioning of prospective jurors that the Court conducts before the beginning of formal voir dire.[1]  *Id.*

First, Defendant seeks to compel a pre-trial questionnaire that jurors will be required to complete "prior to oral voir dire examination" in order to "identify juror prejudice and conserve time for the parties and the Court." ECF No. 317 at 2. Specifically, Defendant argues that such questionnaire would "advance and streamline the task of ferreting out prospective jurors' disqualifying biases and allow formal voir dire to be more focused in substance and more efficient for all involved." *Id.*

---

[1] Mr. Judd purports to rely on arguments and authority submitted in his previously-filed motion to transfer, ECF No. 257, and states that the present motion speaks to the "specific remedy" that he seeks. *See* ECF No. 317 at 2. The Government has responded to Mr. Judd's motion to transfer, and, thus, to the extent that Mr. Judd's motion incorporates or relies upon his previously filed motion, we similarly incorporate our response, *see* ECF No. 292.

Although this Court has discretion to use a written questionnaire, it need not do so because it can select an impartial jury using only in-person voir dire. Issues of pre-trial publicity and potential bias, which appear to be the basis of many of Defendant's motions, are more meaningfully explored by in-person examination than through jury questionnaire. "[W]ritten answers [do] not give counsel or the court any exposure to the demeanor of the juror in answering the . . . questions." *Mu'Min*, 500 U.S. at 425. A prospective juror's tone of voice and demeanor are important. *See Rosales-Lopez*, 451 U.S. at 188 (observing that the court "must reach conclusions" based on its "own evaluation[] of demeanor evidence and of response to questions"). Indeed, "[h]ow a person says something can be as telling as what a person says." *United States v. Jackson*, 863 F. Supp. 1449, 1459 (D. Kan. 1994); *see also Mu'Min*, 500 U.S. at 433 (O'Connor, J., concurring) ("A particular juror's tone of voice or demeanor might have suggested to the trial judge that the juror had formed an opinion about the case and should therefore be excused."). Moreover, Defendant has not articulated any reason that in person voir dire would not accomplish the same goal as the requested pre-trial questionnaire. Thus, it will likely be more efficient for the Court to rely on in person voir dire rather than add an additional, likely duplicative, step of written questionnaires.

Second, Defendant requests that the parties be present for any pre-screening questioning of prospective jurors that the Court conducts before the beginning of formal voir dire. Because jury selection falls "'particularly within the province of the trial judge,'" we defer to the Court as to whether any pre-screen questioning is necessary. *Tsarnaev*, 142 S. Ct. at 1034 (quoting *Skilling*, 561 U.S. at 386); see also *Mu'Min*, 500 U.S. at 424 ("[T]he trial court retains great latitude in deciding what questions should be asked on voir dire."); *Connors*, 158 U.S. at 413 ("That inquiry is conducted under the supervision of the court, and a great deal must, of necessity, be left to its sound discretion."). However, the purpose of voir dire is "to ferret out prejudices in the venire that

2

threaten the defendant's Sixth Amendment right to a fair and impartial jury," *United States v. Howell*, 231 F.3d 615, 627 (9th Cir. 2000), and there is no reason this objective cannot be accomplished through the Court's standard voir dire procedure that does not include pre-screen questioning.  Moreover, as with its first argument, addressed above, Defendant has not articulated any rationale as to why pre-screening questioning of prospective jurors is necessary here.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:   /s/
ASHLEY AKERS
Trial Attorney
Capitol Siege Section
MO Bar No. 69601
601 D Street, N.W.
Washington, D.C. 20530
202-353-0521
Ashley.Akers@usdoj.gov