UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, <br><br> v. <br><br> **PATRICK EDWARD McCAUGHEY, III, et al.**, <br><br>      Defendants. | Case No. 1:21-cr-00040 (TNM) |

## ORDER

In this multi-defendant case arising from the breach of the U.S. Capitol, the Court has split the nine Defendants into two groups for trial. Defendants McCaughey, Stevens, Morss, and Mehaffie comprise the first group for trial. They move to dismiss various counts of the Indictment, sometimes via their own motions or by joining motions filed by other Defendants. For the reasons that follow, the Court denies their motions to dismiss.

**I.**

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). A defendant may move to dismiss an indictment for failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). "The operative questions is whether the[ ] allegations, if proven, are sufficient to permit a jury to find that the crimes charged were committed." *United States v. Payne*, 382 F. Supp. 3d 71, 74 (D.D.C. 2019) (cleaned up).

**II.**

First up are motions to dismiss counts for obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c). *See* ECF Nos. 253, 255 (Judd MTD Obstruction), 259, and 308 (Klein MTD Obstruction). This Court rejected a similar motion in another January 6 case. *See*

*United States v. Hale-Cusanelli*, No. 21-cr-37, ECF No. 82 (H-C Tr.).  As have all but one of the judges in this district who have adjudicated such a motion.

Defendants give no reason for the Court to reconsider its prior ruling or to go against the consensus in this district.  The Electoral College certification is an "official proceeding" under the statute.[1]  *See* Hale-Cusanelli Tr. at 3–4; *see also* Opp'n at 16–17 (collecting cases showing that all other DDC judges agree).[2]  Defendants therefore misconstrue the certification's nature when they label it "merely ceremonial."  Judd MTD Obstruction at 11; *see United States v. McHugh*, — F. Supp. 3d —, No. 21-cr-453 (JDB), 2022 WL 296304, at *9 (D.D.C. Feb. 1, 2022) (rejecting this argument).

This Court has also rejected the notion that 1512(c) penalizes only documentary crimes.  *See* H-C Tr. at 8–9.  And that ruling came after the opinion in *United States v. Miller*, — F. Supp. 3d —, No. 21-cr-119, 2022 WL 823070 (D.D.C. Mar. 7, 2022).  Defendants get nowhere by citing that opinion.  *Miller* has also persuaded no other judge on this question.  *See* Opp'n at 34–35 (collecting cases).  This Court's ruling also explained why the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008), and *Yates v. United States*, 574 U.S. 528 (2015), do not require a different interpretation.  *See* H-C Tr. at 5–6.

Similarly unavailing are Defendants' arguments about the vagueness of the word "corruptly" in § 1512.  This Court has already rejected those arguments, including ones related to

---

[1]  This Court's decision in *United States v. Guertin*, — F. Supp. 3d —, No. 21-cr-262, 2022 WL 203467 (D.D.C. Jan. 24, 2022), is not to the contrary.  *See* Judd MTD Obstruction at 10, 13. *Guertin* considered what proceedings qualify as "before a Federal government agency."  *See id.* at *7; 18 U.S.C. § 1515(a)(1)(C).  It offered no interpretation on the meaning of "a proceeding before the Congress," *id.* § 1515(a)(1)(B), which is the kind of proceeding that Defendants allegedly obstructed.

[2]  All page citations refer to the page numbers generated by the Court's CM/ECF system.

the D.C. Circuit's holding in *Poindexter*. *See* H-C Tr. at 8–9. Other judges have also

persuasively explained why "corruptly" is not unconstitutionally vague. *See, e.g.*, *United States*

*v. Caldwell*, — F. Supp. 3d —, No. 21-cr-28 (APM), 2021 WL 6062718, at *8–*13 (D.D.C. Dec.

20, 2021); *United States v. Sandlin*, — F. Supp. 3d —, No. 21-cr-88 (DLF), 2021 WL 5865006,

at *10–14 (D.D.C. Dec. 10, 2021). Finally, the Court has already explained why the rule of

lenity does not support a contrary interpretation of the statute. *See* Hale-Cusanelli Tr. at 8.

The Indictment therefore places Defendants on notice that their conduct violated

§ 1512(c)(2).

## III.

Count 35 of the Indictment charges all Defendants with civil disorder in violation of 18

U.S.C. § 231(a)(3). *See* Indictment at 17. McCaughey, Stevens, and Morss have joined a

motion to dismiss that charge. *See* Mot. to Dismiss Count 35, ECF No. 254 (MTD Civil

Disorder). They argue that certain phrases in § 231(a)(3) are unconstitutionally vague. *See id.* at

3–7. They also argue that the statute is overbroad because its terms extend to "a substantial

amount" of expressive conduct protected by the First Amendment. *Id.* at 7–9.

Yet again, other judges in this district have persuasively rejected these arguments. *See*

Opp'n at 1. Judge Bates has persuasively explained why the statutory terms challenged by

Defendants are not unconstitutionally vague. *See McHugh*, 2022 WL 296304, at *15–*16.

Along with at least one other judge, he has also rejected Defendants' idea that the lack of an

express scienter requirement renders the statute vague. *See id.* at *14–*15; *United States v.*

*Fischer*, No. 21-cr-234 (CJN), 2022 WL 782413, at *3 (D.D.C. Mar. 15, 2022). The Court

rejects Defendants' motion for substantially the same reasons.

So too for the First Amendment arguments.  Section 231(a)(3)'s plain text "is targeted primarily if not exclusively at conduct rather than speech."  *United States v. Mostofsky*, — F. Supp. 3d —, No. 21-cr-138, 2021 WL 6049891, at *8 (D.D.C. Dec. 21, 2021); *see McHugh*, 2022 WL 296304, at *17 (same).  And although Defendants posit some hypotheticals of expressive conduct that the statute might penalize, the Court agrees with Judge Boasberg that "[m]any more potential applications would fall within the statute's plainly legitimate sweep. *Mostofsky*, 2021 WL 6049891, at *8.  That some applications might be impermissible does not create a requisite "realistic danger" that § 231(a)(3) will punish a "substantial amount" of First Amendment expression.  *See Members of the City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984).  Defendants' hypotheticals are thus insufficient to carry their burden on overbreadth.  Finally, the Court agrees with Judge Bates's analysis rejecting Defendants' argument, *see* MTD Civil Disorder at 6, that *City of Houston v. Hill*, 482 U.S. 451 (1987), requires the Court to find that § 231(a)(3) violates the First Amendment.  *See McHugh*, 2022 WL 296304, at *17.

### IV.

Various counts of the Indictment charge defendants with disorderly or disruptive conduct in a restricted building or engaging in physical violence in a restricted building, in violation of 18 U.S.C. § 1752.  A "restricted building" is any restricted area of a building where a "person protected by the Secret Service is or will be temporarily visiting."  18 U.S.C. § 1752 (c)(1)(B). The Government alleges that Vice President Pence was temporarily visiting the Capitol on January 6.

McCaughey, Stevens, and Morss argue otherwise.  They say that the Vice President cannot *temporarily* visit the Capitol.  According to them, the Vice President has an office in the

Capitol and he "was simply going to work" on January 6 when he arrived to preside over the certification process. Mot. at 8; *see also id.* at 17 ("A person does not 'temporarily visit' their own office or place of business, even when that person is the Vice President of the United States."). Defendants marshal evidence of history and practice for this assertion. And if "temporarily visiting" is ambiguous, they urge the Court to apply the rule of lenity. *See id.* at 15–17.

All other judges to have confronted this argument have rejected it. *See* Opp'n at 1 (collecting cases). At this stage, the Court agrees with them that the Vice President can temporarily visit his Capitol office. *See McHugh*, 2022 WL 296304, at \*22, *United States v. Andries*, 2022 WL 768684, at \*18 (D.D.C. Mar. 14, 2022) ("[O]ne can 'visit' a location for the business purpose of working and meeting there."). But Defendants appear to make a factual argument that Vice President Pence's visit on January 6, steeped as it was in constitutional implications, was not a temporary visit. *See* Mot. at 8–9. That is best left for trial, where the Government must offer proof to meet its burden. *See* Opp'n at 9–10 (describing what evidence the Government could offer at trial regarding the Vice President's offices). Thus, the Court denies this motion to dismiss without prejudice to it being re-raised at the Rule 29 conference.

## V.

For all these reasons, the following motions are DENIED as to Defendants McCaughey, Stevens, Morss, and Mehaffie:

- The [253], [255], [259], [308] motions to dismiss Count 34;

- The [254] motion to dismiss Count 35; and

- The [256] motion to dismiss charges under 18 U.S.C. § 1752. This last denial is without prejudice.

**SO ORDERED**.

Dated: July 20, 2022

TREVOR N. McFADDEN, U.S.D.J.