UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No: 21-CR-40 (TNM) |
| : | |
| PATRICK MCCAUGHEY, et. al. : | |
| : | |
| Defendant. : | |

**JOINT PROPOSED VOIR DIRE[1]**

**I.   Public Questions**

1. This is a criminal case entitled *United States v. Patrick McCaughey, et. al.*. The four Defendants are charged with the offenses of Assaulting, Resisting or Impeding Certain Officers, Aiding and Abetting; Inflicting Bodily Injury on Certain Officers; Assaulting Resisting or Impeding Certain Officers Using a Dangerous Weapon; Robbery;  Obstruction of Justice of an Official Proceeding and Aiding and Abetting; Civil Disorder;  Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon; Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon; Disorderly Conduct in a Capitol Building; and Acts of Physical Violence in a Capitol Building or Grounds. The four defendants were arrested in connection with the events that occurred at the U.S. Capitol on January 6, 2021. Do you know or have you heard anything about this specific case?

2. The Government in this case is represented by AUSA Kimberly Paschall, Jocelyn Bond and Ashley Akers.  Defendant Patrick McCaughey is represented by Lindy Urso.  Defendant Patrick McCaughey is a resident of [insert]. Defendant Tristan Stevens is represented by Lauren

---

[1] At the time of filing, counsel for Defendant McCaughey and Defendant Mehaffie have not proffered any changes, objections, or additional questions.

1

Cobb. Defendant Tristan Stevens is a resident of [insert]. Defendant Robert Morss is represented by John Kiyonaga. Defendant Robert Morss is resident of [insert]. Defendant David Mehaffie is represented by William Shipley. Defendant David Mehaffie is a resident of [insert].   Do you know any of these people?

   3.   [Each side will introduce its witnesses by name, general area of residence, and employment.] Do you know any of the witnesses who have been introduced to you?

The next three questions relate to you, members of your immediate family, and close personal friends:

   4.   Does anyone in that group now work for, or has anyone in that group ever worked for, any law-enforcement agency?  This includes any police department in or outside the District, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, Park Police, FBI, Dept. of Justice, Homeland Security, sheriffs' departments, Secret Service, or any other law-enforcement agency.

   5.   Has any member of that group ever gone to law school, worked as a lawyer, or worked in a law office?

   6.   Does any member of that group live or work in or near the U.S. Capitol?

The next four questions relate just to you:

   7.   Do you have any difficulty reading, speaking, or understanding English?

   8.   I will be instructing the jury at the end of this trial that the testimony of a law enforcement witness should be treated the same as testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a law enforcement

witness. Is there any reason you would not be able to follow that instruction?

*Defendant Stevens's proposed language for question 8:*

>  I will be instructing the jury at the end of the trial that the testimony of a police officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is a police officer. Would the fact that a witness is a police officer or law enforcement agent have any effect at all on whether or not you believe that person's testimony? In other words, would the fact that a witness is a police officer or law enforcement agent make you either more or less likely to believe his or her testimony?

9.  If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose. That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, googling this case, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

10.  Jurors are the sole judges of the facts. However, the jury must follow the principles of law as instructed by the judge. The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow the Court's legal instructions, whatever they may be?

**II.     Private Questions**

11.  Have you had any unpleasant experiences with the police, a prosecutor, or other law

enforcement, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial? Have you had any unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial?

12. Have any of you had an experience as a member of a grand jury or as a juror in a previous trial?

13. Have you, members of your immediate family, or close personal friends ever been arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?

14. Do you or someone close to you have any personal or professional connection to events at the U.S. Capitol on January 6, 2021?

15. Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021, on the news or on the Internet?

    a. If yes, how many times have you seen videos of that event?

    b. If yes, will you have any difficulty putting aside any opinions you may have formed about the people involved in those events, following the law as I explain it to you, and deciding the case in a fair and impartial manner based solely on the evidence presented in court?

16. A House Select Committee has been holding hearings concerning the events at the U.S. Capitol on January 6, 2021. Have you watched the televised hearings of the House Select Committee investigating January 6?

    a. If yes, how many times have you watched the hearings?

    b. If yes, will you have any difficulty putting aside any opinions you may have formed about the people involved in those events, following the law as I

  explain it to you, and deciding the case in a fair and impartial manner based solely on the evidence presented in court?

  *Defendant Morss objects to question 16(b), and believes anyone who answers "yes" to question 16 should be stricken for cause.*

17. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and any opinions you might have formed about those events, would you have any difficult setting your opinions aside and deciding this case in a fair and impartial manner based solely on the evidence presented in court?

18. As you sit here, do you have an opinion about the defendants' guilt or innocence in this case?

19. Would serving as a juror in this case be an extreme hardship to you? We expect this trial may last [two to three] weeks. We will not sit on Labor Day, Monday September 5, [or Fridays (*if that is the court's practice*.)]

20. Do you have a health or physical problem that would make it difficult to serve on this jury?

21. Is there any other reason that would make it difficult for you to sit as a juror in this case? Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair. In sum, is there some other reason that would make it difficult for you to sit as a fair, impartial, and attentive juror in this particular case?

*Defendant Stevens's proposed additional questions:*

  A. Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021?

B. Have you heard, seen, or read anything, from any source, about this case?

C. The government bears the burden of proving [name defendants] guilty beyond a reasonable doubt. And [name defendants] are presumed innocent unless and until the government meets that burden. This burden of proof never shifts to [the defendants], and they have no obligation to offer their own evidence. Would you have any difficulty or hesitation with respecting this allocation of the burden of proof?

D. A defendant has a constitutional right not to testify, and if [name defendants] decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY: \_\_\_/s/_____
KIMBERLY L. PASCHALL
Assistant United States Attorney
Capitol Siege Section
D.C. Bar No. 1015665
601 D Street, N.W.,
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov