IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA §§§§ <br> V. §§ <br> STEVEN CAPPUCCIO §§§ | Crim. No. 21-40-8 (TNM) |

**DEFENDANT STEVEN CAPPUCCIO'S REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT CAPPUCCIO'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE**

Defendant Steven Cappuccio offers this reply to the Government's Opposition To Defendant Cappuccio's Motion In Limine To Exclude Certain Evidence (Doc. No. 382). [1]

**I. CERTAIN WORDS AND PHRASES**

The Government's opposition to Mr. Cappuccio's *in limine* to exclude, Gov't Opp'n at 2-3, at best misses the mark and at worst proves the reason reference to certain terms should be excluded.

Counsel for the Government mounts an exposition on the events of the day, observing "[t]his was not a protest," offering summary costs and quoting a court noting the actions were not an exercise of First Amendment rights. Gov't Opp'n at 2. The

---

[1] The Government declares with a conclusory statement that this Court should deny the in limine regarding "Cappuccio's invocation of his right to remain silent" but footnote 1 writes it "does not seek to admit any testimony about the fact that Cappuccio invoked his right to remain silent upon his arrest" and thus need not offer argument. Such would appear to concede the point.

1

basis for this exposition is unclear, other than to offer the Government skew on facts. Mr. Cappuccio did not argue the events were a protest, offer a contrary view of costs, or claim a First Amendment right.

The Government fails to explain why any of the identified terms are indispensable or even necessary to its case. The lengths it takes to convince this Court that the event is properly characterized as 'riot' is precisely why that, and the other pejorative terms, find no place in the present proceeding.

The Government's expressed desire to use terms like 'riot', 'robbery', 'assault' or 'victim' ignores the reality these are terms defined by federal law. *See, e.g.,* 18 U.S.C. § 2102(a)(defining 'riot'); 18 U.S.C. § 113(defining 'assault'); 18 U.S.C. § 2113(defining 'robbery'); 18 U.S.C. § 2259(c)(4)(defining 'victim'). These are legal terms, some of which represent the actual charges in the Indictment to be determined by the jury.

Contrary to the Government assurances, Mr. Cappuccio would find little solace in available instructions to address a battery of legal terms offered by attorneys or lay witness. *See* Gov't Opp'n at 3-4. The Court need not concern itself with undoing the damage caused by the Government's use of these terms if they don't use them in the first place. While this Court could look to Criminal Instruction 2.105, as the Government suggests, it could similarly refer to Criminal Jury Instructions for DC Instruction 2.101 (My function is . . . to instruct you on the law that applies in this

case"). It is respectfully submitted that use of the terms would serve no greater end than jury confusion and an invitation to engage in a battery of curative instructions to properly define terms misused by attorneys and witnesses alike. The simplest approach is to avoid the terms entirely.

## II.   LAW ENFORCEMENT TESTIMONY ON INVESTIGATION, THEIR OBSERVATIONS, AND THEIR EXPERIENCES

The Government acknowledges it cannot use tips in its investigation unless for reasons other than the truth of the matter asserted. Specifically, to detail its investigative steps. Unsurprisingly, it does not attempt to square its proposed use with *United States v. Evans*, 216 F.3d 80 (D.C. Cir. 2000), which rejects a similar end run around prohibitions involving the use of inadmissible hearsay.

Regarding expert testimony. Mr. Cappuccio seeks to exclude expert testimony through officers and agents for which notice has not been provided. The Government responds Mr. Cappuccio "does not specify exactly what testimony he believes falls within the purview of an expert that he expects the government will elicit," Gov't Opp'n at 5, an unsurprising proposition as one cannot identify the unidentified. However, as the Government acknowledges its obligations to limit any testimony to personal knowledge of the case, *id.* at 5 (citing *United States v. Hampton*, 718 F.3d 978 (D.C. Cir. 2013)), it concedes the argument.

The Government closes this argument with the contention "Officer Hodges should be permitted to discuss what he experienced on that day at the hands of the

3

defendant, as well as any subsequent effects he has suffered." Gov't Opp'n at 6. Mr. Cappuccio does not argue that Officer Hodges should be barred from testifying as to his experience. If he sees, smells, hears, feels or taste something, then such is a matter within his personal knowledge. However, Officer Hodges has no apparent medical training that might qualify him as an expert capable of testifying as to his medical diagnosis or diagnosed trauma. Such would be inadmissible hearsay or improper expert testimony, and readily excluded.

Furthermore, the Government adds that he should be allowed to testify as to "subsequent effects he has suffered." In addition to the aforementioned concerns, absent a medical expert testifying as to causation of these effects, it is unclear how such evidence is relevant under Federal Rules of Evidence 401 and 403 as effects that arise after January 6.

### III. PRECLUSION OF TESTIMONY REGARDING DEFENDANT'S INTENT

While the Government claims it is responding to Mr. Cappuccio's argument that "requests the Court to order the Government to refrain from eliciting testimony regarding the alleged purpose for Mr. Cappuccio's actions on January 6, 2022," the response both mischaracterizes and misunderstands the argument. Mr. Cappuccio's request, in using the term 'alleged', seeks to preclude statements such as that specifically identified from Daniel Hodge in which the declarant speculates about the thought processes of Mr. Cappuccio. Stated otherwise, Mr. Cappuccio seeks to

4

exclude speculation regarding his plans, designs, motives, or intentions.

The Government appears to concede the argument, but then adds that it "does need to establish that the defendant had the proper mens rea for each charged offense." Gov't Opp'n at 7. Mr. Cappuccio does not seek to preclude otherwise admissible evidence offered to prove elements of the offenses charged. The object of the in limine is limited to impermissible speculation.

Respectfully submitted,

Maureen Scott Franco
Federal Public Defender


    /S/
MARINA THAIS DOUENAT
Assistant Federal Public Defender
Western District of Texas
727 E Cesar E. Chavez Boulevard
Suite B-207
San Antonio, TX 78206
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, Marina-Thais Douenat, Assistant Federal Public Defender for the Western District of Texas, hereby certify that on the 29th day of July 2022 filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ MARINA-THAIS DOUENAT
Assistant Federal Public Defender