UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID LEE JUDD,<br><br>   Defendant. | Crim. Action No. 21CR40(TNM) |

**MR. JUDD'S CONSOLIDATED REPLIES TO GOVERNMENT RESPONSES ECF 369, 379, AND 380 AND SUPPLEMENT TO HIS ECF 372 RESPONSE**

The defendant, David Lee Judd, through counsel, hereby replies to certain government responses to his motions and supplements one of his responses to a government motion.

In ECF 316, Mr. Judd moved to exclude certain evidence relating to his joined co-defendants and identity. The government responded in ECF 369. Counsel for Mr. Judd attended the pretrial conference and motions hearing for the Group 1 co-defendants on July 22, 2022. Counsel observes that the Court addressed this Motion at that hearing. With regard to evidence relating to co-defendants, Mr. Judd reiterates his objection to admission of such evidence at his trial, and assuming his motion is denied, asks that the Court provide proper limiting instructions at trial, reserving the right to address the language of any such instructions. With regard to evidence of identity and how Mr. Judd was identified, Mr. Judd is willing to stipulate to identity, and asks the Court to exclude evidence as to how he was identified. Mr. Judd does not seek oral argument as to ECF 316.

In ECF 317, Mr. Judd moved for the use of a jury questionnaire. The government responded in ECF 379. On July 20, 2022, in ECF 389, the Court addressed ECF 317 in the context of Group I co-defendants. Mr. Judd preserves his request but files no reply. Mr. Judd does not seek oral argument as to ECF 317.

In ECF 333, Mr. Judd moved for attorney-conducted voir dire. The government responded in ECF 380. The Court does not appear to have addressed this motion in any written order or at the July 22, 2022 Group I co-defendants' hearing. At that hearing, the Court discussed its anticipated voir dire process, which would be Court-led and not attorney conducted. Mr. Judd files no reply, preserves his request, and does not seek oral argument as to ECF 317.

In ECF 322, the government moved to preclude a defense of self-defense. Mr. Judd opposed in ECF 372. Rule 12 does not require Mr. Judd to disclose his trial strategy now. On July 20, 2022, in ECF 389, this Court denied a similar government motion with regard to Group I co-defendant, Mr. Morss. Mr. Judd hereby supplements his opposition to ECF 333 and asks the Court to rule that Mr. Judd "remains free to assert self-defense at trial. But he may not argue it at closing argument without providing a factual basis during trial for that defense." Order, ECF 389 at 3. Mr. Judd is aware that the government's reply to ECF 372 is not yet due. If upon receiving a reply from which Mr. Judd's counsel concludes that it wishes oral argument, counsel will advise the Court; otherwise, Mr. Judd does not seek oral argument as to ECF 322 and 372.

Respectfully Submitted,<br>
A.J. KRAMER

FEDERAL PUBLIC DEFENDER


_____/s/_____
ELIZABETH MULLIN
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500


_____/s/_____
EDWARD J. UNGVARSKY
Ungvarsky Law, PLLC
114 N. Alfred Street
Alexandria, VA 22314
(571) 207-9710