IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>)<br>) **Criminal No. 1:21-cr-00040-TNM** |
| v. | )<br>) |
| **FEDERICO GUILLERMO KLEIN,** | )<br>) |
| **Defendant.** | )<br>)<br>) |

### DEFENDANT FEDERICO KLEIN'S REPLY IN SUPPORT OF [308] MOTION TO DISMISS

The government submits that, in enacting 18 U.S.C. § 1512(c)(2), "Congress comprehensively prohibited conduct that intentionally and wrongfully obstructs official proceedings." Opp. at 3 (July 15, 2022) (ECF No. 375). The government so argues, without any reference to meaningful legislative history – "[defendants] fail to mention that the legislative history regarding Section 1512(c)(2), regarding *any of its applications*, is scant in general and of little value here, Opp. at 19 (May 27, 2022) (ECF No. 296) – and without any explanation for why Congress, in enacting Section 1512(c)(2), chose to nest a broad catch-all provision – now the basis of [insert] charges asserting the purpose of the protestors-turned-rioters gathered on January 6, 2021, was to stop the certification of the electoral college – in Chapter of the U.S. Code criminalizing the destruction of evidence. *See* 18 U.S.C. § 1501, *et. seq.* [insert].

Long before the events of January 6, 2021, the government's interpretation of Section 1512(c)(2)'s application had been questioned. In his now infamous unsolicited memorandum to then Deputy Attorney General Rod Rosenstein concerning "Mueller's 'Obstruction' Theory," now former Attorney Bill Barr wrote in June of 2018 that, "[a]s things stand, obstruction laws do not criminalize just any act that can influence a 'proceeding.'" Barr goes on to write, "[i]n general, obstruction laws are meant to protect proceedings from actions designed [to] subvert the

integrity of their truth-finding function through compromising the honesty of decision-makers (*e.g.,* judge, jury) or impairing the integrity or available evidence – testimonial, documentary, or physical." General Barr's observations then have proven prescient:

> The question here is whether the phrase – "or corruptly otherwise obstructs" – in clause (c)(2) is divorced from the litany of the specific prohibitions in § 1512, and is thus a free-standing, all-encompassing prohibition reaching *any* act that influences a proceeding, or whether the clause's prohibition against 'otherwise' obstructing is somehow tied to, and limited by, the character of all the other forms of obstruction listed in the statute. I think it is clear that the use of the word "otherwise" in the residual clause expressly links the clause to the forms of obstruction specifically defined and is mere surplusage. Mueller's interpretation of the residual clause as covering *any and all acts* that influence a proceeding reads the word "otherwise" out of the statute altogether. But any proper interpretation of the clause must give effect to the word "otherwise," it must do some work.

Memorandum from Bill Barr to Deputy Attorney General Rod Rosenstein and Assistant Attorney General Steve Engel (June 8, 2018), *available at* https://s3.documentcloud.org/documents/5638848/June-2018-Barr-Memo-to-DOJ-Muellers-Obstruction.pdf (last visited July 29, 2022).

      Mr. Klein respects and appreciates that this Court has previously denied motions to dismiss the indictment and will not belabor his arguments. *See* Order (July 20, 2022) (ECF No. 388). Mr. Klein respectfully disagrees that that Congress intended Section 1512(c)(2) as a vehicle for the government to prosecute those proven to have participated in a riot that interfered with the certification of the electoral college – with the peaceful transfer of power that has been the hallmark of our Democracy since our Nation's finding. While it may very well be that had Congress contemplated the events of January 6, 2021, it would have enacted legislation severely penalizing those involved in any effort to stop the certification of the election or otherwise interfere with the peaceful transition of power. Mr. Klein submits that Congress did not intend

Section 1512(c)(2) to criminalize the events of January 6, 2021, because it had not contemplated such events. No one had.

And while it may now be "the consensus in this district" that Section 1512(c)(2), ultimately this consensus is likely to be the subject of review by the Supreme Court, which previously reversed both the decision of a Federal District Court *and* the Eleventh Circuit in concluding that John Yates had been wrongfully charged and convicted. To quote Justice Ginsburg's opinion for a plurality of the court: "For life, [Yates] will bear the stigma of having a federal felony conviction." *Yates v. United States*, 574 U.S. 528, 535 (2015).

Accordingly, Mr. Klein respectfully asks this Court to dismiss Count Thirty-Four of the Fifth Superseding Indictment.

| | |
|---|---|
| Dated: July 29, 2022 | Respectfully submitted, |

       */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Federico Guillermo Klein*

## **CERTIFICATE OF SERVICE**

On July 29, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to the following registered parties:

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Federico Guillermo Klein*