IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) <br> ) <br> )    **Criminal No. 1:21-cr-00040-TNM** <br> ) <br> ) <br> ) <br> ) <br> ) |
| v. | |
| **FREDERICO KLEIN,** | |
| **Defendant.** | |

### DEFENDANT FEDERICO KLEIN'S REPLY IN SUPPORT OF HIS MOTION FOR DISCOVERY OF EVIDENCE OF SELECTIVE PROSECUTION

As noted in his Motion for a Bench Trial (July 27, 2022) (ECF No. 397), the procedural posture of Defendant Federico Guillermo Klein's criminal prosecution is as unique as the events of January 6, 2021.  First indicted individually, the government zealously argued for his pretrial detention because as a Presidentially appointed official, Mr. Klein had, "demonstrated contempt for . . . his oath to support and defend the Constitution, . . . and for the Constitution itself when he assaulted officers in an attempt to stop the certification of a lawful election."  Gov't Memo. ISO Pretrial Detention, *United States v. Klein*, No. 21-cr-236 (March 9, 2021) (ECF No. 10). Then, four and a half months later, the government surreptitiously joined Mr. Klein with eight (8) other defendant whom he had never met or otherwise interacted with, other than the allegation that, "[t]hey worked collectively 'in the same series of acts' to overwhelm police and to enter the Capitol."  Order at 4-5 (May 20, 2022) (ECF No. 290).

Of note, the lead defendant in the case with which Mr. Klein was joined, Patrick McCaughey, had originally been indicted on January 29, 2021, approximately 6 months prior to Mr. Klein's joinder, and extensive discovery had been completed and substantive motions had already been filed.  Indeed, the government's decision to join Mr. Klein with individuals he had

never before met nor interacted with followed a finding of fact by Judge Bates that there was "no evidence that Klein coordinated with other participants before, during, or after the riot, or assumed any meaningful leadership role during the events of January 6," *United States v. Klein*, 533 F.Supp. 3d 1, 13 (D.D.C. 2021), is especially spurious.  And the government objected when Mr. Klein moved to sever himself from the other defendants in this case, because, it asserted, that irrespective of any prejudice to Mr. Klein, how to charge cases remains the government's prerogative.  (ECF No 277.)

Thereafter, this Court denied Mr. Klein's motion, holding that proper joinder only requires an allegation that the defendants "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," Fed. R. Cr. P. 8(b), and "there is 'a logical relationship between the acts or transactions.'"  Order at 2 (ECF No. 290) (May 20, 2022) (quoting *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984)).  Thus, because the government alleged that Mr. Klein participated in the same act or transaction or series of acts or transactions that constitute an offense – something the government could have argued is true of literally hundreds of other defendants – the Court declined to sever Mr. Klein.

Now, in three separate oppositions, the government has argued procedure over potential prejudice when the reality for Mr. Klein is this: as a result of being tried together with his codefendants, under the circumstances created by the public hearings held by the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol, a finding of guilt is more likely to arise simply by Mr. Klein's mere association.  Although the Court is bound by *Perry*, it is questionable whether the court, in issuing what is now a nearly 40 year old opinion, could have contemplated the political and legal landscape with which we are confronted in the aftermath of January 6, 2021.

In addition, Mr. Klein has now filed a motion seeking a transfer of venue from this District which the government has also opposed. The government has also opposed (and the Court has now denied) Mr. Klein's Motion to Continue a jury trial in this case, (ECF No. 374), which sought a continuance based on the presumed prejudice of the jury pool in the District as a result of the public hearings being held by the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol. The government argues that *voir dire* is sufficient to address the defendants' concerns, and again ignores the practical reality that society is overwhelmed with an increasingly polarized focus on the facts and circumstances concerning the events of January 6, and not the law necessary to a determination of guilt.

The government misconstrues Mr. Klein's claim of selective prosecution to mean that he is arguing that the government has charged him differently because of his political views. This is incorrect. While one's political views may be tied closely with the office or position with which they hold, they are not one in the same. Mr. Klein argues once again that he has been selectively prosecuted for his alleged involvement in the events of January 6, 2021, because he is the lone Presidentially appointee to have allegedly participated in those events. In essence, he has been prosecuted as a surrogate of former President Trump.

Accordingly, Mr. Klein respectfully requests this Court order the government to disclose its correspondence concerning the decision (i) to prosecute Mr. Klein and (ii) to join Mr. Klein with eight (8) co-defendants whom he had never before met and which joinder resulted in his being assigned a new judge denied, as articulated in his Motion for a Bench Trial, any choice with respect to the trier of fact responsible for any determination of guilt.

Should this correspondence evidence the government's decision to selectively prosecute Mr. Klein he will accordingly bring such a motion before the Court.

Dated: July 27, 2022

Respectfully submitted,

     */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road, Northwest
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel to Defendant Federico Klein*

## CERTIFICATE OF SERVICE

On July 29, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Federico Klein*