UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**,<br><br>        v.<br><br>**PATRICK EDWARD McCAUGHEY, III,**<br>**et al.**,<br>                Defendants. | Case No. 1:21-cr-00040 (TNM) |

# ORDER

In this multi-defendant case arising from the breach of the U.S. Capitol, the Court has split the nine Defendants into two groups for trial. Defendants Judd, Klein, Cappuccio, and Quaglin comprise the second group for trial. They move to dismiss various counts of the Indictment, sometimes via their own motions or by joining motions filed by other Defendants. For the reasons that follow, the Court denies their motions to dismiss.

## I.

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). A defendant may move to dismiss an indictment for failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). "The operative questions is whether the[ ] allegations, if proven, are sufficient to permit a jury to find that the crimes charged were committed." *United States v. Payne*, 382 F. Supp. 3d 71, 74 (D.D.C. 2019) (cleaned up).

## II.

First up are motions to dismiss counts for obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c). Quaglin, Cappuccio, Klein, and Judd have filed or joined these motions. *See* ECF Nos. 253, 255 (Judd MTD Obstruction), 259, and 308 (Klein MTD

Obstruction). This Court rejected these motions as to the Group I Defendants and sees no reason to deviate from its prior reasoning here. *See* ECF No. 388. More, this Court has rejected a similar motion in another January 6 case. *See United States v. Hale-Cusanelli*, No. 21-cr-37, ECF No. 82 (H-C Tr.). As have all but one of the judges in this district to confront such a motion. Defendants give no reason for the Court to reconsider its prior ruling or to go against the consensus in this district.

For these reasons and those in this Court's prior Order, *see* ECF No. 388, the Court denies these motions to dismiss.

### III.

Count 35 of the Indictment charges all Defendants with civil disorder in violation of 18 U.S.C. § 231(a)(3). *See* Indictment at 17. Judd, Quaglin, Cappuccio, and Klein have joined a motion to dismiss that charge. *See* Mot. to Dismiss Count 35, ECF No. 254 (MTD Civil Disorder). They argue that certain phrases in § 231(a)(3) are unconstitutionally vague. *See id.* at 3–7. They also argue that the statute is overbroad because its terms extend to "a substantial amount" of expressive conduct protected by the First Amendment. *Id.* at 7–9.

This Court rejected identical arguments from the Group I Defendants. *See* ECF No. 388. And other judges in this district have persuasively rejected these arguments. *See* ECF No. 294 at 1. For these reasons and those in this Court's prior Order, *see* ECF No. 388, the Court denies this motion to dismiss.

### IV.

Various counts of the Indictment charge defendants with disorderly or disruptive conduct in a restricted building or engaging in physical violence in a restricted building, in violation of 18 U.S.C. § 1752. A "restricted building" is any restricted area of a building where a "person

protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752 (c)(1)(B). The Government alleges that Vice President Pence was temporarily visiting the Capitol on January 6.

Judd, Quaglin, Cappuccio, and Klein argue otherwise. *See* ECF No. 256 (Mot.). They say that the Vice President cannot *temporarily* visit the Capitol. *See id.* at 8. According to them, the Vice President has an office in the Capitol and he "was simply going to work" on January 6 when he arrived to preside over the certification process. *Id.* at 8; *see also id.* at 17 ("A person does not 'temporarily visit' their own office or place of business, even when that person is the Vice President of the United States."). Defendants marshal evidence of history and practice for this assertion. And if "temporarily visiting" is ambiguous, they urge the Court to apply the rule of lenity. *See id.* at 15–17.

All other judges to have confronted this argument have rejected it. *See* ECF No. 295 at 1, (Opp'n) (collecting cases). At this stage, the Court agrees with them that the Vice President can temporarily visit his Capitol office. *See McHugh*, 2022 WL 296304, at *22, *United States v. Andries*, 2022 WL 768684, at *18 (D.D.C. Mar. 14, 2022) ("[O]ne can 'visit' a location for the business purpose of working and meeting there."). But Defendants appear to make a factual argument that Vice President Pence's visit on January 6, steeped as it was in constitutional implications, was not a temporary visit. *See* Mot. at 8–9. That is best left for trial, where the Government must offer proof to meet its burden. *See* Opp'n at 9–10 (describing what evidence the Government could offer at trial regarding the Vice President's offices). Thus, the Court denies this motion to dismiss without prejudice to it being re-raised at the Rule 29 conference.

3

## V.

For all these reasons, the following motions are DENIED as to Defendants Quaglin, Cappuccio, Klein, and Judd:

- The [253], [255], [259], and [308] motions to dismiss Count 34;

- The [254] motion to dismiss Count 35; and

- The [256] motion to dismiss charges under 18 U.S.C. § 1752.  This last denial is without prejudice.

**SO ORDERED**.

Dated: August 11, 2022                                                            TREVOR N. McFADDEN, U.S.D.J.