UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**,<br><br>v.<br><br>**PATRICK EDWARD McCAUGHEY, III,** **et al.**,<br>         Defendants. | Case No. 1:21-cr-00040 (TNM) |

## MEMORANDUM ORDER

In this Capitol breach case, the Court has split the nine Defendants into two groups for trial. This Order addresses various motions before the trial of Defendants Judd, Cappuccio, Klein, and Quaglin.

*First*, Defendants have filed two motions to change venue for this trial. *See* ECF Nos. 257, 309. The Court denies those motions without prejudice for the same reasons as stated on the record during the July 22, 2022, pre-trial conference for the Group One defendants. Despite the impressive amount of evidence arrayed by Defendants, the D.C. Circuit encourages district courts to undertake voir dire to probe the extent of juror prejudice. *See United States v. Haldeman*, 559 F.2d 31, 64 n.43 (D.C. Cir. 1976) (en banc). And the four factors in *Skilling v. United States*, 561 U.S. 358, 360 (2010), do not suggest that this is the "extreme case" in which the Court may presume prejudice before voir dire. Defendants thus may raise these concerns again after voir dire.

*Second*, Cappuccio, Klein, and Judd move to continue this trial due to the ongoing hearings of the January 6 Committee on Capitol Hill. *See* ECF Nos. 360, 368. As the Court said on the record during the Group One pre-trial conference, Defendants include no evidence that the hearings have focused on or even mentioned any of them. For that and other reasons provided

1

by the Court at the July 22, 2022, conference, the Court will deny the motion without prejudice pending voir dire.

*Third,* before the Court are two motions to compel. Judd, Quaglin, and Cappuccio seek to compel communications between the January 6 Committee and DOJ. *See* ECF No. 355. The Court denies that motion. As explained by the Court at the July 22, 2022, conference, Defendants offer only speculation that these communications—if they exist—will be material to the preparation of a defense. For that and other reasons stated on the record, the Court denies the motion.

The Court also denies the other pending motion to compel. *See* ECF No. 358. Judd and Cappuccio seek the transcripts of the Committee's witness interviews. The Court again relies on its denial on the record of this same motion as to Group One. Defendants offer only bald speculation that these interviews will be relevant, and that is not enough.

*Fourth*, Klein moves for discovery into the Government's alleged selective prosecution of him. *See* ECF No. 312. He says that the Government has selectively prosecuted him because he was a presidential appointee during the Trump Administration. *See* ECF No. 403 at 3. Last year, the Court denied a similar motion from Judd and does so now for Klein. *See United States v. Judd*, — F. Supp. 3d —, 2021 WL 6134590 (D.D.C. Dec. 28, 2021).

Klein fails to muster the "clear evidence" necessary to overcome the presumption of regularity that attends the Government's prosecutorial decisions. *United States v. Griffin*, 549 F. Supp. 3d 49, 58 (D.D.C. 2021). Indeed, the Government has charged him with a similar mix of crimes as other January 6 participants, all of whom presumably "share his politics." *Id.* That complicates his assertion of political bias. Nor does it matter that he "is the lone Presidential appointee" alleged to have participated on January 6. ECF 403 at 3. For one thing, his unique

position as a public official "could rationally" merit different treatment by the Government. *Griffin*, 549 F. Supp. 3d at 58.  More, "[i]f he can identify no one 'to whom [he] could be compared,' then '[he] has failed to make out one of the elements of [his] case.'"  *Judd*, 2021 WL 6134590, at * 6 (quoting *Att'y Gen. of U.S. v. Irish People, Inc.*, 684 F.2d 928, 946 (D.C. Cir. 1982)).  So without other presidential appointees in the crowd, Klein cannot identify anyone to whom he was "similarly situated," which is a necessary element of a selective prosecution claim *United States v. Armstrong*, 517 U.S. 456, 470 (1996).  The Court thus "find[s] it difficult to fault" the Government's prosecution of Klein given his admitted uniqueness.  *Judd*, 2021 WL 6134590, at *6.  His selective prosecution claim is therefore not "colorable," so the Court denies his motion for discovery into that claim.  *Irish People*, 684 F.2d at 932.

*Fifth*, Klein, Judd, Quaglin, and Cappuccio move to prevent the Government from using certain montaged videos as exhibits and from using exhibits not previously listed on an exhibit list that the Government shared with Defendants.  *See* ECF No. 310.  The Court denies this motion for the reasons stated on the record at the Group One pre-trial conference.  Regarding the montages, however, the Court's denial is without prejudice to specific objections made at trial.

*Sixth*, Quaglin moves to reopen briefing on the pre-trial motions.  *See* ECF No. 406. Quaglin filed this motion on July 29, more than a month after the deadline for filing such motions passed.  *See* Minute Entry (3/4/2022) (setting briefing schedule, with pretrial motions due by 6/3/2022).  Though the Court sympathizes with the health challenges Quaglin's attorney faces, *see* ECF No. 406, Ex. A, he could have sought an extension of time to file his motions but did not.  In this multi-defendant case, none of the other eight defendants struggled to meet the Court's deadlines.  Quaglin deserves no special treatment.  Therefore, even though the Court

3

previously granted ECF No. 406 in part, *see* Minute Entry (8/8/2022) (granting Quaglin's Motion to Continue), it denies the motion insofar as Quaglin asks to reopen pre-trial briefing.[1]

*Seventh*, Judd, Cappuccio, and Klein move for attorney-conducted voir dire and for individual questioning of jurors. *See* ECF 333. This Court has wide discretion to conduct voir dire. *See Mu'min v. Virginia*, 500 U.S. 415, 427 (1991). Defendants fail to convince the Court that it should deviate from its normal procedures here. There is nothing unfair about this Court questioning jurors; indeed, it has done so without objection in another Capitol breach case. *See United States v. Hale-Cusanelli*, 21-cr-0037-TNM. More, the Court disagrees with Defendants that sequestered examination of jurors is necessary. *See* ECF 333. Defendants do not explain why group questioning about January 6 is problematic, and why sequestration would remedy any alleged problems. The Court denies this motion and will conduct voir dire using its standard method, which includes an opportunity for individual follow-up questioning of jurors by counsel depending on jurors' answers to group-based questions.

*Eighth*, the Government has filed motions to preclude claims of self-defense by Judd, Quaglin, Cappuccio, and Klein or, in the alternative, to require them to prove self-defense at trial before asserting it. *See* ECF Nos. 322, 323, 326, 327. Cappuccio did not respond, so the Court grants the motion as conceded as to him. As to Judd, Klein and Quaglin, the Court agrees with them that Rule 12 does not require disclosure of their trial strategy now. *See* ECF Nos. 351, 383, 401. They remain free to assert self-defense at trial. But they may not argue self-defense during closing arguments without providing a factual basis during trial for that defense.

---

[1] The Court has allowed Quaglin to join numerous motions filed by other defendants, including a request he filed only yesterday to join various motions.

*Ninth*, the Government moves to preclude cross-examination of Secret Service witnesses about the Service's protection protocols, *see* ECF No. 313, and about the specific locations of U.S. Capitol Police cameras, *see* ECF No. 314.  Quaglin objects by joining response that his co-defendants filed.  *See* ECF Nos. 353, 354.   For the reasons stated in the Court's prior ruling, *see* ECF No. 389, Quaglin may ask questions about Secret Service protocols and camera locations but must first seek permission from the Court at the bench.  And Klein wishes to introduce this evidence if it is made relevant by the Government's case-in-chief.  *See* ECF No. 383.  As to the other defendants, the Court grants the Government's motions as it did for Group I defendants who did not object.  That ruling is without prejudice to Quaglin and Klein seeking permission from the Court at the bench before introducing any evidence—including questions during cross-examination—about Secret Service protocols or camera locations.

*Finally*, various Defendants in this group either filed or joined multiple pre-trial motions, *see* ECF Nos. 317, 328, 329, that the Court already ruled on for Group One, *see* ECF No. 389.  The Court makes the same rulings now on those motions as to these Defendants.

\* \* \*

For all these reasons, it is ORDERED that, as to Judd, Quaglin, Cappuccio, and Klein, the [257] and [309] Motions to Change Venue are DENIED without prejudice.  It is also

ORDERED that, as to Cappuccio, Klein, and Judd, the [360] and [368] Motions to Continue are DENIED without prejudice pending voir dire.  It is also

ORDERED that, as to Judd, Quaglin, and Cappuccio, the [355] and [358] Motions to Compel are denied.  It is also

ORDERED that Klein's Motion for Discovery [312] is denied.  It is also

ORDERED that, as to Klein, Judd, Quaglin, and Cappuccio, the [310] Motion in Limine is DENIED regarding the use of montaged videos.  It is also

ORDERED that Quaglin's [406] Motion for an Extension of Pretrial Motions is DENIED.  It is also

ORDERED that, as to Judd, Cappuccio, and Klein, the [333] Motion for Attorney-Conducted Voir Dire and for Individual Questioning of Jurors is DENIED.  It is also

ORDERED that the Government's [322], [323], [326], [327] Motions to Preclude Self-Defense are GRANTED as to Cappuccio but DENIED as to Judd, Quaglin, and Klein.  It is also

ORDERED that the Government's [313], [314] Motions to Limit Cross-Examination are GRANTED as to Judd and Cappuccio, GRANTED but without prejudice to Klein and Quaglin seeking permission from the Court to introduce relevant evidence or to ask specific questions during cross-examination. It is also

ORDERED that, as to Judd, Quaglin, Cappuccio, and Klein, the [317] Motion to Use a Juror Questionnaire is DENIED.  It is also

ORDERED that, as to Quaglin and Klein, the [328] Motion in Limine is DENIED without prejudice to specific objections raised at trial.  It is also

ORDERED that, as to Quaglin, the [329] Motion in Limine is DENIED regarding the use of time-lapsed and montaged images and DENIED without prejudice as to authentication of still images.  Defendants may raise specific objections about authentication at trial.

**SO ORDERED**.

Dated: August 11, 2022

_____
TREVOR N. McFADDEN, U.S.D.J.