UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-CR-40 (TNM) |
| | : | |
| PATRICK MCCAUGHEY III, *et al.*, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S MEMORANDUM OF LAW REGRADING
FELONY VIOLATIONS OF 18 U.S.C. § 111(a)

In his post-trial memorandum (ECF No. 469), Defendant Tristan Stevens contends that "assault" is a necessary element for a felony conviction under 18 U.S.C. § 111(a). And because the government failed to adduce proof at trial of an assault against a federal officer, Stevens urges his acquittal on Counts 14, 16, and 33.

Stevens's reading of Section 111(a) is wrong.

## Discussion

1.     Section 111(a) authorizes punishment for an individual who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [*i.e.*, a federal officer] while engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1). A misdemeanor penalty is authorized where the individual's act "constitute[s] only simple assault." *Ibid*. But where the individual's "acts involve physical contact with the victim of that assault or the intent to commit another felony," he faces a term of imprisonment of "not more than 8 years." *Ibid*. Finally, an individual who "uses a deadly or dangerous weapon … or inflicts bodily injury" "in the commission of any acts described in subsection (a)" faces a term of imprisonment of "not more than 20 years." 18 U.S.C. § 111(b).

Section 111 thus "establishes three separate crimes," namely, a misdemeanor "simple assault," a felony violation that involves either physical contact or the intent to commit another felony, or an aggravated violation that involves either a dangerous weapon or results in the infliction of bodily injury. *See United States v. Siler*, 734 F.3d 1290, 1296 (6th Cir. 2013).

2.      Section 111 plainly identifies six categories of prohibited conduct, covering anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes" with a federal officer engaged in official duties.  18 U.S.C. § 111(a)(1).  By using commas between the verbs and the disjunctive "or," Congress made clear its intention that each category of prohibited conduct should be separate and independent of the others. *See Horne v. Flores*, 557 U.S. 433, 454 (2009).  And although all six acts require the defendant to act "forcibly," *see United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002), only one is "assault."  The other five prohibited acts involve behavior that threatens federal officers or obstructs their official activities but is not necessarily "assault."

Each of Section 111's three crimes points back to these six categories.  Section 111(a)'s simple-assault clause points back to "the acts in violation of this section"; both alternatives identified in Section 111(a)'s felony clause (physical contact or felonious intent) point back to "such acts"; and Section 111(b)'s "enhanced penalty" provision points back to "any acts described in subsection (a)."  18 U.S.C. § 111.  Because each clause references all six prohibited acts, each necessarily punishes that full range of obstructive conduct—not assaults alone.

Steven's contrary contention that Section 111(a)'s felony clause punishes only assaults fails "to … give[] effect" to "every word" in the statute. *United States v. Stands Alone*, 11 F.4th 532, 536 (7th Cir. 2021) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The

Interpretation of Legal Texts 174 (2012)).  As noted, the felony clause "refers back to the

original list of [six] violative acts against current or former officials."  *United States v. Briley*,

770 F.3d 267, 273 (4th Cir. 2014).  If assault were an essential element of Section 111(a)'s

felony clause, as Stevens contends here, the "remaining five verbs [would be] superfluous."

*Stands Alone*, 11 F.4th at 535; *see generally United Mine Workers of Am. 1974 Pension Plan v. Energy*

*W. Mining Co.*, 39 F.4th 730, 738 (D.C. Cir. 2022) ("It is our duty to give effect, if possible, to

every clause and word of a statute.") (citation omitted).

      The D.C. Circuit's decision in *Arrington*, 309 F.3d 40, is instructive on Section 111(a)'s

sweep.  The court explained that "a defendant does not violate the statute unless he *forcibly*

assaults or *forcibly* resists or *forcibly* opposes, etc."  *Id*. at 44.  *Arrington*'s emphasis on Section

111(a)'s disjunctive formulation supports the view that the statute punishes a broad range of

conduct beyond assaults.

      3.      Contrary to Steven's claim (Mem. 2-3), the history and design of Section 111

confirm its application to non-assaultive conduct.  The statute's predecessor made it an

offense to "forcibly resist, oppose, impede, intimidate, or interfere with any" designated

federal official "while engaged in the performance of his official duties, or [to] assault him on

account of the performance of his official duties."  Act of May 18, 1934, ch. 299, § 2, 48 Stat.

781 (18 U.S.C. 254 (1940)).  That provision, which contained the same six offense-conduct

verbs as the current version, was designed to "insur[e] the integrity of law enforcement

pursuits."  *United States v. Feola*, 420 U.S. 671, 682 (1975).  As the Supreme Court recognized,

the provision clearly "outlawed more than assaults."  *Id*. at 682 n.17; *see Ladner v. United States*,

358 U.S. 169, 176 (1958) (explaining that the prior statute "ma[de] it unlawful not only to

assault federal officers engaged on official duty but also forcibly to resist, oppose, impede,

intimidate or interfere with such officers," noting that "[c]learly one may resist, oppose, or impede the officers or interfere with the performance of their duties without placing them in personal danger"). In *Ladner v. United States*, for example, the Court stated that "the locking of the door of a building to prevent the entry of officers intending to arrest a person within would be an act of hindrance denounced by the statute." 358 U.S. at 176. The Court noted that in 1948, Congress reordered the statute by placing the word "assaults" in front of the five other verbs. Act of June 25, 1948, ch. 645, 62 Stat. 688 ("Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes"); *see Ladner*, 358 U.S. at 176 n.4. That "change in wording," however, "was not intended to be a substantive one." *Ladner*, 358 U.S. at 176 n.4 (discussing Reviser's Notes). And courts therefore properly continued to uphold convictions for non-assaultive conduct under Section 111. *See United States v. Johnson*, 462 F.2d 423, 425, 429 (3d Cir. 1972) (upholding conviction for "willfully resisting, opposing, impeding and interfering with federal officers," despite jury's conclusion that defendant did not commit "assault").

Before 1994, Section 111 had a two-tier punishment structure: It punished a defendant who forcibly committed actions described by any of the six verbs with up to three years of imprisonment; but where "any such acts" involved a deadly or dangerous weapon, the maximum sentence was ten years. 62 Stat. 688. In 1994, Congress amended the penalty structure of Section 111 to its current tripartite structure by carving out less-severe forms of the offense into their own category. It introduced the phrase "simple assault" to encompass misdemeanor violations, punishable by no more than a year in prison; "all other cases" would continue to be punishable by up to three years; and offenses involving a dangerous or deadly weapon would remain punishable by up to ten years, as would any act that "inflicts bodily

injury."  Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 320101(a), 108 Stat. 2108; *see* Federal Judiciary Protection Act of 2002, Pub. L. No. 107-273, Div. C, Tit. I, § 11008(b), 116 Stat. 1818 (increasing second- and third-tier penalties).  In so doing, however, Congress gave no indication that it intended to cut back on the statute's substantive reach by eliminating non-assaultive conduct from the statute's scope.

Congress's subsequent amendment of the statute in 2008 specifically limited the second tier to cases involving physical contact or felonious intent by striking the phrase "in all other cases" from Section 111(a) and inserting "where such acts involve physical contact with the victim of that assault or the intent to commit another felony."  Court Security Improvement Act of 2007, Pub. L. No. 110-177, § 208(b), 121 Stat. 2538.  In doing so, Congress necessarily understood the language of the first-tier misdemeanor provision to encompass non-assaultive conduct—like resisting arrest—that does not involve physical contact or felonious intent.  Otherwise, such conduct would not be covered by the statute at all, "rip[ping] a big hole in the statutory scheme" and "leav[ing] those officials without protection for the carrying out of federal functions."  *Briley*, 770 F.3d at 274; *see United States v. Williams*, 602 F.3d 313, 317 (5th Cir. 2010) ("The recent change in the statutory language … also supports the conclusion that § 111(a)(1) prohibits more than assault, simple or otherwise.").

Thus, for almost a century, Congress has protected federal officials in the performance of their duties by criminalizing six categories of forcibly obstructive conduct.  Although over time it has altered the punishment according to the severity of the defendant's behavior— eventually settling on the current three-tier punishment structure—at no point has Congress altered the six basic categories of forcible conduct covered by the statute.  Section 111(a)

therefore continues to apply to any defendant who forcibly "resists, opposes, impedes, intimidates, or interferes with" a federal officer, whether or not his conduct also constitutes assault.  18 U.S.C. § 111(a); *see Ladner*, 358 U.S. at 176 n.4.

4.       Stevens contends (Mem. 2) that circuit courts disagree on whether a conviction under 18 U.S.C. § 111(a) requires proof of an assault.  But he overstates the degree of disagreement and undercounts the number of decisions rejecting his argument.

In *United States v. Chapman*, 528 F.3d 1215 (9th Cir. 2008), the Ninth Circuit considered the prior version of the statute that treated "simple assault" as a misdemeanor and "all other cases" as felonies.  *Id*. at 1218 (citations omitted).  In deeming the provision to require the defendant to have committed "some form of assault," *id*. at 1221, the court explicitly considered but rejected a distinction based on the presence of physical contact.  "If Congress had intended to prohibit both assaultive and non-assaultive conduct and intended to distinguish between misdemeanors and felonies based solely on physical contact," the court stated, "it easily could have said so."  *Ibid*.  Congress now has spoken.  As previously discussed, in 2008, Congress replaced the second punishment tier's "all other cases" language with language specifying that it applies "where such acts involve physical contact … or the intent to commit another felony."  *See* p. 5, *supra*.  In so doing, Congress abrogated the reasoning in *Chapman*.  *See Williams*, 602 F.3d at 317 ("Congress addressed the ambiguity identified by the Ninth Circuit by explicitly drawing the misdemeanor/felony line at physical contact.").[1]

---

[1] Since the 2008 amendments, the Ninth Circuit has addressed Section 111(a)'s revised language only in dicta, *see United States v. Rivera-Alonzo*, 584 F.3d 829, 833 n.2 (9th Cir. 2009), and the proper interpretation of the current version of Section 111(a) presumably remains open in that court.

Even before the 2008 amendment, the Sixth Circuit recognized that common-law assault is not invariably an element of a Section 111 offense. *See United States v. Gagnon*, 553 F.3d 1021, 1024-1027 (6th Cir. 2009). Since the 2008 amendment, five other courts of appeals have addressed the interpretation of Section 111(a). In *United States v. Williams*, the Fifth Circuit recognized that "a misdemeanor conviction under § 111(a)(1) does not require underlying assaultive conduct," explaining that this reading "avoided rendering superfluous the other five forms of conduct [besides assault] proscribed by § 111(a)(1)." 602 F.3d at 317-318. In *United States v. Briley*, the Fourth Circuit likewise rejected the contention that "assault is a required element" for either a misdemeanor or felony conviction under Section 111(a)(1). 770 F.3d at 273-274 (noting that defendant's contrary reading "renders a slew of verbs in § 111(a) largely surplusage" and "wanders too far from congressional intent"). And most recently, in *United States v. Stands Alone*, the Seventh Circuit held that "assault is not an essential element of every § 111 offense." 11 F.4th at 536.

The Second Circuit has taken a different view of offenses punishable under Section 111(a). In *United States v. Davis,* 690 F.3d 127 (2d Cir. 2012), the court concluded that "for a defendant to be guilty of the misdemeanor of resisting arrest under Section 111(a), he necessarily must have committed common law simple assault." *Id*. at 135; *see id*. at 134. But the Second Circuit expressly cabined this holding to Section 111(a)'s misdemeanor clause. It stated that "the statute's five non-assault acts would appear to be criminally prohibited by the felony clause 'where such acts involve … the intent to commit another felony,'" *id*. at 136-137—precisely the construction that the government has advanced in this case.

Only the Tenth Circuit has reached a contrary conclusion. In *United States v. Wolfname*, 835 F.3d 1214 (10th Cir. 2016), the court viewed a published circuit decision regarding the

pre-2008 statute as compelling the conclusion that "assault is necessarily an element of any § 111(a)(1) conviction," *id*. at 1218, including a conviction under Section 111(a)'s felony clause, *id*. at 1219. The reasoning in *Wolfname*, however, is spare and unpersuasive.

At bottom, the present five-to-one circuit tally overwhelmingly supports the government's felony prosecution of Stevens under Section 111(a) for non-assaultive conduct against federal officers on January 6.[2]

5.       As described above and addressed during closing rebuttal, a defendant is subject to conviction under Section 111(a)'s felony clause if he committed any one of the six prohibited acts with the intent to commit another felony. Thus, if a defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal law enforcement officer and harbored the intent to commit another felony, he is guilty of this offense.

a.       The evidence at trial demonstrated beyond a reasonable doubt that Stevens joined the mob and used the force of his body to push against the line of officers guarding the Lower West Terrace tunnel. That collective push by Stevens and other mob members plainly qualifies as forcibly resisting, opposing, impeding, intimidating, or interfering with law enforcement officers during the time periods specified in Count 14 (2:49-2:51 p.m.), Count 16 (2:56-2:58 p.m.), and Count 33 (4:15-4:19 p.m.).

The Court must next determine whether Stevens intended to commit or aid and abet the commission of another felony—namely, obstruction of an official proceeding (18 U.S.C. § 1512(c)(2)) or civil disorder (18 U.S.C. § 231(a)(3)). The record overwhelmingly supports

---

[2] The Supreme Court has repeatedly denied petitions for writs of certiorari from defendants, including one filed last term, arguing that Section 111(a) punishes only assaultive conduct against federal officers. *See Stands Alone v. United States*, 142 S. Ct. 2718 (2022); *Briley v. United States*, 575 U.S. 962 (2015); *Williams v. United States*, 562 U.S. 1044 (2010); *Gagnon v. United States*, 558 U.S. 822 (2009).

such a finding.  First, Stevens and the other mob members pushed against the line of officers for the purpose of breaking through it, entering the U.S. Capitol Building, and disrupting the congressional proceedings inside.  Indeed, many mob members chanted "Stop the Steal" and other similar phrases in and around the time periods in which Stevens pushed against the officer line.  This evidence demonstrates Stevens's intent to obstruct the certification of the Electoral College vote and to aid and abet others in obstructing that proceeding on January 6.  Second, the court heard evidence that the same mob engaged in violence and other destructive acts inside the tunnel and on the West Plaza.  Stevens's effort to engage and interfere with the police officers in this area demonstrates his intent to commit and aid and abet those acts of civil disorder.

Either way, Stevens carried the requisite scienter for conviction under Section 111(a)'s felony clause during the time periods specified in Counts 14, 16, and 33.

b.      Even under Stevens's crabbed construction of Section 111(a), the evidence at trial demonstrates that Stevens aided and abetted assaults on the officers guarding the Lower West Terrace during the time periods specified in Counts 14, 16, and 33.  And those assaults involved both physical contact and the intent to commit another felony.

The threshold for establishing a common-law assault is low, requiring only proof beyond a reasonable doubt of "a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *Davis,* 690 F.3d at 137 (citation omitted); *accord United States v. Dat Quoc Do*, 994 F.3d 1096, 1100 (9th Cir. 2021).  The proof in this case fits that bill.  As Stevens and other mob members surged against the officer line, the rioters at the front pushed against individual officers, using fists, riot shields, and other objects.  Any reasonable officer in this

circumstance would fear immediate bodily harm or injury.  Through his actions, Stevens aided and abetted those assaults.  And those assaults clearly "involve[d] physical contact with the victim[s]" of those "assault[s]."  18 U.S.C. § 111(a).

Those assaults also involved "the intent to commit another felony," 18 U.S.C. § 111(a), for the reasons given above.  Namely, when Stevens was committing these assaults, he and other mob members intended both to gain access to the U.S. Capitol Building for the purpose of disrupting the congressional proceedings (a violation of Section 1512(c)(2)) and to further the mob's violent and destructive acts (a violation of Section 231(a)(3) occurring around him.

### Conclusion

The plain text, legislative history, and circuit landscape undermine Stevens's effort to limit Section 111(a)'s felony clause to assaultive conduct against federal officers.  The Court should reject it and, based on the evidence at trial, convict Stevens of these counts.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     /s/ Jocelyn Bond
JOCELYN BOND
Assistant United States Attorney
D.C. Bar No. 1008904
Email: Jocelyn.Bond@usdoj.gov