IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEVEN CAPPUCCIO,<br><br>Defendant. | Case No.: 21-CR-40 (TNM) |

**GOVERNMENT'S MOTION TO EXCLUDE
THE EXPERT TESTIMONY OF BRIAN CUTLER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Motion to Exclude the Testimony of Brian Cutler. Defendant should be barred from presenting the proposed expert testimony because the testimony fails every prong of Federal Rule of Evidence 702.

**RELEVANT FACTUAL BACKGROUND**

On June 30, 2022, Defendant Cappuccio filed a Notice of Expert. ECF 305. The Notice included one paragraph on the opinions Cutler intended to offer at trial. *Id*. The government objected to Defendant's Notice, ECF 370, and Defendant replied on July 30, 2022, *see* Minute Order, July 30, 2022. The Court provisionally granted Defendant's expert notice on August 23, 2022, but, recognizing that the filing failed to comply with the Federal Rules, the Court required the defendant to file a "full and proper expert notice" by October 15, 2022. *See* Minute Order, August 23, 2022. On October 14, 2022, Cappuccio emailed a revised, 7-page expert report to the Court. Of this report, Cutler dedicates approximately 3 and a half pages to an "Overview of Opinions." The rest of the report describes the witness's qualifications, the assignment, and a list of reference materials. The revised Notice did not include a list of all other cases in which, during

1

the previous 4 years, the witness has testified as an expert at trial or by deposition. The Defendant provided this information to the United States on July 9, 2023.

## ARGUMENT

**A. Dr. Cutler's testimony fails every prong of Federal Rule of Evidence 702.**

While Dr. Cutler may, indeed, be an experienced professor, his testimony for this case fails to meet any of the prongs of Federal Rule of Evidence 702. Rule 702 allows expert testimony if:

> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed R. Evid. 702.

As an initial matter, Dr. Cutler's report will not aid the trier of fact, as required by Federal Rule of Evidence 702(a), because Dr. Cutler does not actually offer any opinions; his report speaks only in generalities. In fact, his "Assignment" was to "render opinions concerning the psychological factors that **could have affected** the accuracy of Officers Hodges' recollections and testimony about who assaulted him and the actions taken by the perpetrator(s)." Report at 1. The supposed findings in Dr. Cutler's report reflect this general "Assignment." For instance, "several psychological principal and research findings are **or may be** relevant to this case," Report at 1, and that "Psychological research on the impact of distractions and extreme stress on eyewitness memory **may therefore be relevant**." He further states that, "The psychological research relevant to the effects of viewing body worn camera footage **may therefore relevant** (sic)." In fact, Dr. Cutler uses the word "may" no less than 13 times in his 7-page report, of which nearly 3 pages is set aside for identifying reliance materials.

2

Beyond that, Dr. Cutler is not providing any opinions regarding Officer Hodges' testimony or Officer Hodges himself.  Instead, Dr. Cutler opines generally about memory and then attempts to make these generalities relevant here.  His report includes statements such as "**if the factfinder concludes** that Officer Hodges experienced condition that challenges his ability to encode information at the time of assault, these conditions **might** also impair the reliability of his subjective judgments of memory confidence." Report at 4.  In his brief report, Dr. Cutler uses the phrase "if the factfinder concludes" on five separate occasions.

Second, Dr. Cutler's testimony is not based on sufficient facts or data, as required by Federal Rule of Evidence 702(b). Most notably, Dr. Cutler did not perform any personal evaluation of Officer Hodges. It does not appear that Dr. Cutler spoke with or interview Officer Hodges, the subject of his expert report. In fact, while Dr. Cutler purported to review materials related to Officers Hodges, none of his opinions are specific to Officer Hodges.

Third, any opinions that Dr. Cutler intends to offer regarding Officer Hodges are not the "product of reliable principles and methods," namely because Dr. Cutler applied no principles or methods.  Instead, Dr. Cutler appears to summarize prior research. In this way, Dr. Cutler's report offers no more help in this case than an academic article outlining relevant research.

Finally, for a number of reasons, Dr. Cutler has failed to meet the final prong of Federal rule of Evidence 702, Rule 702(d), requiring that an expert "reliably applied the principles and methods to the facts of the case."  Because Dr. Cutler did not apply principles and methods, it is impossible for him to have applied any principles and methods to this case.  Beyond that, while Dr. Cutler purports to have reviewed some materials relevant to this case, he offers zero opinions specific to this case.  In every paragraph where Dr. Cutler purports to offer an opinion related to this case, he begins the sentence with "If the factfinder concludes." *See* Report at 2, 3, 4, 5.

### B. Defendant's Revised Disclosure of Dr. Cutler Violated the Federal Rule of Criminal Procedure Disclosure Requirement.

Dr. Cutler's testimony should also be excluded for the defense's persistent failure to comply with the Federal Rules of Criminal Procedure. Rule 16(b)(1)(C) requires a defendant to "disclose to the government, in writing, the information required by (iii) for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705 during the defendant's case-in-chief at trial." The Rule further requires the court to "set a time for the defendant to make the defendant's disclosures." Under the Rule, "[t]he time must be sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence." Rule 16(c) also sets forth the required content for the disclosures, specifically:

- A complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;
- The bases and reasons for them;
- The witness's qualifications, including a list of all publications authored in the previous 10 years; and
- A list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Defendant's October 14, 2022, revised disclosures failed to provide a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition. Although the Federal Rules of Criminal Procedure were amended in December 2022 to add this requirement – after the defendant's disclosure deadline and after the United States' deadline to object to the sufficiency of the notice – this deficiency remained for nearly seven months. In fact, the defendant provided this information only on the eve of trial—on July 9, 2023. Thus, until July 9, 2023, the defendant's revised Notices were deficient under Rule 16(b)(1)(C) and have failed to provide the government a fair opportunity to meet the defendant's evidence.

## CONCLUSION

For all of these reasons, the Court should bar defendant's proposed expert, Dr. Cutler, from testifying at trial.

                      Respectfully submitted,

                      MATTHEW M. GRAVES
                      United States Attorney
                      D.C. Bar No. 481052

By:    */s/ Ashley Akers*
          ASHLEY AKERS
          MO Bar No. 69601
          Trial Attorney (Detailed)
          United States Attorney's Office
          601 D Street, N.W.
          Washington, DC 20001
          Phone: (202) 353-0521
          Email: Ashley.Akers@usdoj.gov

          KAITLIN KLAMANN
          Assistant United States Attorney

          LAURA HILL
          Trial Attorney, Detailee