**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**STEVEN CAPPUCCIO,**<br><br>**Defendant.** | **Case No.: 21-CR-40 (TNM)** |

**GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF BRIAN CUTLER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Notice of Supplemental Authority in support of its July 11, 2023, Motion to Exclude the Testimony of Brian Cutler.

Although couched as an identity expert, Dr. Cutler is, actually, purporting to offer opinions on memory. *See* Dr. Cutler's Report, ECF 675, Ex. 1 at 1 ("[T]he principles of human memory are relevant to the evaluation of Mr. Cappuccio's statements."[1]). As previously stated, the government does not challenge Dr. Cutler's experience or that the topic of identification may be appropriate for expert testimony generally, particularly in a jury trial;[2] instead, the government

[1] While Dr. Cutler states the principles of human memory are relevant to the evaluation of Mr. Cappuccio's statements, it appears that he may mean these principles are relevant to the evaluation of Officer Hodges' statements. The full sentence from Dr. Cutler's report is as follows: "Officer Hodges' statements about the specific behaviors of Mr. Cappuccio during the January 6, 2020 events are based on recollections after the events occurred; consequently, the principles of human memory are relevant to the evaluation of Mr. Cappuccio's statements."
[2] *See, e.g.*, *Jones v. United States*, 262 A.3d 1114 (D.C. 2021) (holding that under prevailing professional standards in District of Columbia Superior Court, a defense attorney would be deficient in failing to call an identification expert in an identification case); *United States v. Bartlett*, 567 F.3d 901, 906 (7th Cir. 2009) ("That jurors have beliefs about [the fallibility of memory] does not make expert evidence irrelevant; to the contrary, it may make such evidence vital, for if jurors' beliefs are mistaken then they may reach incorrect conclusions. Expert evidence can help jurors evaluate whether their beliefs about the reliability of eyewitness testimony are correct."); *State v. Clopten*, 2009 UT 84, A33, 233 P.3d 1103, 1113 ("We expect . .

contends that the defense cannot meet its burden under Federal Rule of Evidence 702 that (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; or (4) the expert has reliably applied the principles and methods to the facts of the case. Furthermore, and similar to the first prong of Rule 702, under Federal Rule of Evidence 403, there appears to be little probative value in providing this Court with a primer on the reliability of eyewitness evidence. *See Bartlett*, 567 F.3d at 906 ("[[U]sing expert testimony to explore this question [the reliability of eyewitness testimony] may sidetrack a trial. A judge must balance the benefits of illuminating evidence against the costs of collateral inquiries. That's why Rule 403 grants discretion to the trial judge—and why we have held, many times, that a trial court does not abuse its discretion by excluding expert evidence about the reliability of eyewitness testimony.").

In *United States v. Carter*, 410 F.3d 942 (7th Cir. 2005), the Seventh Circuit considered three factors when it denied the admission of expert testimony on the subject of eyewitness identification. First, the court considered whether there is corroborating evidence. *See id*. at 950-51 (citing *United States v. Hall*, 165 F.3d 1095, 1107-08 (7th Cir. 1999)) ("[T]he existence of corroborating evidence undercuts the need, except in the most compelling cases, for expert testimony on eyewitness identifications.")). In addition, the court considered whether the defendant had the opportunity to cross-examine the witness to challenge his or her memory. *Carter*, 410 F.3d at 950-51; *United States v. Rodriguez-Felix*, 450 F.3d 117, 1125 (10th Cir. 2006); *United States v. Libby*, 461 F. Supp. 2d 3, 10 (D.D.C. 2006) ("expert testimony relating to memory

. that in cases involving eyewitness identification of strangers or near-strangers, trial courts will routinely admit expert testimony [on the dangers of such evidence].").

and perception has been excluded when, for example, effective cross-examination was employed to challenge the credibility and memory of the witnesses."). Finally, the court considered the district court's instructions to the jury "about assessing witnesses and the risk associated with eyewitness identifications." *Id*. (citations omitted).

This Court, as the finder of fact, has now twice observed Officer Hodges testify under oath about the same event while having undergone vigorous cross examination by multiple defense attorneys. Although the defense emphasizes the lack of direct evidence of the baton strikes at issue, there is a wealth of video and testimonial evidence in the record concerning the events in question. With its trial and law enforcement experience and training, this Court has a greater understanding of the pitfalls of eyewitness testimony than lay jurors. The Court is therefore well positioned to assess Officer Hodges' memory and recall of events and determine whether the officer's accusations against the defendant are accurate. Testimony on the fallibility of eyewitness memory is therefore likely to be of limited help to the Court in understanding the evidence and would unduly delay and waste time.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Ashley Akers*
ASHLEY AKERS
MO Bar No. 69601
Trial Attorney (Detailed)
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20001
Phone: (202) 353-0521
Email: Ashley.Akers@usdoj.gov

KAITLIN KLAMANN
Assistant United States Attorney

LAURA HILL
Trial Attorney (Detailed)