## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN CAPPUCCIO,<br><br>　　　　　Defendant. | Case No. 21-cr-40-8-TNM |

### MR. STEVEN CAPPUCCIO'S DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT

MR. STEVEN CAPPUCCIO, through his attorney, respectfully moves to set aside this Court's verdict of guilty and enter a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) as to Counts 42 and 50.

### I. BACKGROUND

Between July 10, 2023, and July 14, 2023, Mr. Cappuccio was tried before this Court on the following counts set forth in the Fifth Superseding Indictment (Doc. No. 179):

(1) 18 U.S.C. §§ 111(a)(1), 2 (Assaulting, Resisting, or Impeding Certain Officers, Aiding and Abetting) (Count 28)
(2) 18 U.S.C. §§ 111(a)(1) and (b) (Inflicting Bodily Injury on Certain Officers) (Count 29)
(3) 18 U.S.C.§§ 2111, 2 (Robbery) (Count 30)
(4) 18 U.S.C. §§ 1512(c)(2) and 2 (Obstruction of an Official Proceeding) (Count 34)
(5) 18 U.S.C. § 231(a)(3) (Civil Disorder) (Count 35)
(6) 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) (Disorderly and Disruptive Conduct

1

      in a Restricted Building or Grounds with a Deadly or Dangerous Weapon) (Count 42)

  (7) 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A) (Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon) (Count 50)

  (8) 40 U.S.C. §§ 5104(e)(2)(D), 2 (Disorderly Conduct in a Capitol Building) (Count 52)

  (9) 40 U.S.C. §§ 5104(e)(2)(F), 2 (Act of Physical Violence in the Capitol Grounds or Buildings) (Count 53)

On July 20, 2023, this Court orally pronounced its verdict, memorializing the verdict in its written Court Verdict (Doc. No. 687) filed the next day.

In its verdict, this Court found Mr. Cappuccio not guilty as to Counts 34 and 52 and guilty as to the remaining seven counts.

The present Motion is limited to Counts 42 and 50.

## II.   ARGUMENT

The Court should enter a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) because the evidence presented at trial was insufficient to sustain convictions for Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) (Count 42) and Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A) (Count 50).

  A. **Applicable Legal Standards**

Rule 29(c)(1) provides "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges

the jury, whichever is later."[1] In considering a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, the Court must "consider[] th[e] evidence in the light most favorable to the government." *United States v. Wahl*, 290 F.3d 370, 375 (D.C. Cir. 2002).  A verdict is affirmed if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

### B. Evidence Insufficient to Support a Conviction on Counts 42 & 50

This Court is respectfully asked to conclude that the evidence is insufficient to support a conviction as both Counts require proof that the offense encroached upon "restricted buildings or grounds," defined as "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting . . . . " 18 U.S.C. § 1752(c)(1)(B).

In finding Mr. Cappuccio guilty of Counts 42 and 50, this Court addressed the element of "restricted building or ground" common to both.  It stated.

> a restricted building or grounds means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visited -- visiting. The parties have stipulated to the admissibility of the testimony from Daniel Schwager discussing that the Vice President was visiting the Capitol and presiding over the Joint Session of Congress on January 6th, 2021.  That's Government Exhibit 1007.

Tr. Oral Ruling at 58-59.

---

[1] FED. R. CRIM. P. 29(c)(1). On August 2, 2023, Counsel requested an extension of two weeks to file the post-verdict motion for judgment of acquittal to obtain the complete trial transcript. Docket no 693. The Court granted the continuance and the motion is due August 18, 2023.

Government Exhibit 1007 does not include the term 'visit'. Exhibit 1007 does confirm the physical presence of the Vice President. *See, e.g.*, Ex. 1007 at 418. The same testimony confirms that the Vice President is the President of the Senate, *id.* at 405. He further testified that the Senate occupies a wing within the Capitol building. *Id.* at 417. In relying on this testimony, this Court appears to correlate "temporarily visiting" with physical presence. Mr. Schwager's testimony confirms the Vice President has a direct organizational link to the Capitol building and as such is no mere visitor.

The United States Senate confirms the Vice President's physical ties to the Capitol Building, writing on its Internet site, as quoted in Mr. Cappuccio's Trial Brief, that "[t]o carry out these duties, the vice president has long had an office in the Capitol Building, just outside the Senate chamber," with the present office in use in the Capitol since 1859.[2]

In ruling on the Motion to Dismiss arguing that the Vice President may not be characterized as "temporarily visiting" the Capitol, this Court wrote "Defendants appear to make a factual argument that Vice President Pence's visit on January 6, steeped as it was in constitutional implications, was not a temporary visit. . . . That is best left for trial, where the Government must offer proof to meet its burden. . ." Order at 3(Doc. No. 409)(Citations omitted). This Court is respectfully asked to conclude

---

[2] The Vice President's Room, https://www.senate.gov/artandhistory/art/resources/pdf/Vice_President_s_Room.pdf.

that the Government has not established that the Vice President's presence could be characterized as a temporary visit, thus the Capitol does not qualify as a "restricted building or ground" for purposes of Counts 42 and 50.

This Court is further asked to consider the Counts set forth in the Indictment: Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Count 42), Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Count 50), Disorderly Conduct in a Capitol Building (Count 52), and Act of Physical Violence in the Capitol Grounds or Buildings (Count 53). Counts 42 and 52 both implicate "disorderly conduct" while Counts 50 and 53 both implicate acts of "physical violence." In concluding the Vide President can 'visit' his own workplace, the result is an illogical redundancy in laws that turns of whether the Vice President happens to be in an Office in the Capitol specifically designated for his use in his role as President of the Senate. One does not 'visit' a place of work. One works. One does not 'visit' a residence. One resides.

It is therefore respectfully submitted that the Vice President does not temporarily visit the United States Capitol Building, and as such the Government has not proven its case. The same qualifies as a "restricted building or ground." The evidence is thus insufficient to support convictions of Counts 42 and 50.

## III.   CONCLUSION

Considering the foregoing, this Court is respectfully asked to enter a judgment of acquittal as to Counts 42 and 50.

Respectfully submitted,

Maureen Scott Franco
Federal Public Defender


         /S/
MARINA THAIS DOUENAT
Assistant Federal Public Defender
Western District of Texas
727 E Cesar E. Chavez Boulevard
Suite B-207
San Antonio, TX 78206
*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I, Marina-Thais Douenat, Assistant Federal Public Defender for the Western District of Texas, hereby certify that on the 18td day of August 2023 filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ MARINA-THAIS DOUENAT
Assistant Federal Public Defender