UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-40 (TNM) |
| v. : | |
| : | |
| STEVEN CAPPUCCIO, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT CAPPUCCIO'S
MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response in opposition to Defendant Steven Cappuccio's Motion for Judgment of Acquittal Notwithstanding the Verdict, Docket Entry 694. For the reasons set forth below, the motion should be denied.

**I.      Background**

The trial in this matter commenced on July 10, 2023, and concluded on July 14, 2023. *See* July 10-14, 2023, Minute Entries. On July 13, 2023, the defendant moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. *See* July 13, 2023, Minute Entry. The Court deferred ruling on the motion until after the parties' closing arguments. *See* July 14, 2023, Minute Entry; Fed. R. Crim. P. 29(b).

During trial, evidence established that, on January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election. *See* Trial Tr. 934-35; Government Trial Exs. 903, 904, 905; Attachment 1 (Stipulation of the Parties) at 2. Vice President Pence, who was under United States Secret Service ("USSS") protection, was present at the United States Capitol building that day. *See* Trial Tr. 48-49, 935; *see also* Government Trial Exs. 201, 202, 203, 204,

1006, 1007; Attachment 1 at 2. The U.S. Capitol Police ("USCP"), with authority over security on the Capitol grounds, set up security barriers on the Capitol Grounds with signage that read, "Area Closed By Order of the United States Capitol Police Board." *See* Trial Tr. 41-42, 934; *see also* Government Trial Exs. 201, 202, 203, 204; Attachment 1 at 2. The Lower West Terrace on the West Front was closed to members of the public. *See* Trial Tr. 35, 41; Government Trial Ex. 105; Attachment 1 at 2. While the certification process was proceeding, a large crowd gathered outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol building. *See* Trial Tr. 51-54; Government Trial Ex. 109. As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials. *See* Trial Tr. 54, 934; Government Trial Ex. 1006.

On July 20, 2023, the Court denied the defendant's motion for judgment of acquittal. The Court held, "Where I find [Defendant Cappuccio] guilty of counts charged in the indictment, my reasoning for conviction should more than justify denial of [Defendant Cappuccio's] motion[]." July 20, 2023, Oral Ruling at 5. On the same date, the Court issued its verdict, finding the defendant guilty of Count 28 (Assaulting, Resisting, or Impeding Certain Officers), Count 29 (Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon), Count 30 (Robbery), Count 35 (Civil Disorder), Count 42 (Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon), Count 50 (Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon), and Count 53 (Act of Physical Violence in a Capitol Grounds or Buildings). The Court also found the defendant not guilty of Count 34 (Obstruction of an Official Proceeding) and Count 52 (Disorderly Conduct in a Capitol Building). *See generally* July 20, 2023, Oral Ruling.

In finding the defendant guilty of Count 42, the Court found, in part, that the defendant engaged in disorderly or disruptive conduct *in, or in proximity to, any restricted building or grounds*. Similarly, in finding the defendant guilty of Count 50, the Court found, in part, that the defendant engaged in an act of physical violence against a person or property *in, or in proximity to, a restricted building or grounds*. In making this ruling, the Court held:

> First, a restricted building or grounds means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visited -- visiting.
>
> The parties have stipulated to the admissibility of the testimony from Daniel Schwager discussing that the Vice President was visiting the Capitol and presiding over the Joint Session of Congress on January 6th, 2021. That's Government Exhibit 1007.

*Id*. at 58-59; *see also* 18 U.S.C. § 1752(c)(1)(B) (defining restricted building or grounds).

On August 18, 2023, the defendant filed a Motion for Judgment of Acquittal Notwithstanding the Verdict, arguing that the Court should set aside the verdict and enter an acquittal on Counts 42 and 50 pursuant to Federal Rule of Evidence 29. Dkt. No. 694. The Court ordered the government to respond on or before September 22, 2023. *See* September 8, 2023, Minute Order.

### II.     Legal Standard

Federal Rule of Criminal Procedure 29 permits a defendant to move for judgment of acquittal "within 14 days after a guilty verdict" on the ground that the evidence presented is "insufficient to sustain a conviction." When considering a Rule 29 motion after a verdict, the Court "must view the evidence in the light most favorable to the verdict, and must presume that the [trier of fact] has properly carried out its functions of evaluating the credibility of witnesses, finding the facts, and drawing justifiable inferences." *United States v. Campbell*, 702 F.2d 262, 264 (D.C. Cir. 1983); *see also United States v. Hale-Cusanelli*, 628 F. Supp. 3d 320, 325 (D.D.C. 2022) (same).

"Defendants raising a Rule 29 motion must meet a demanding standard to obtain a judgment of acquittal." *United States v. Borda*, 768 F. Supp. 2d 289, 292 (D.D.C. 2011).  "If the evidence reasonably permits a verdict of acquittal or a verdict of guilt, the decision is for the factfinder to make, and the motion must be denied." *United States v. Jabr*, No. CR 18-0105 (PLF), 2019 WL 13110682, at *4 (D.D.C. May 16, 2019) (citing *United States v. Jemal*, Criminal No. 05-0359, 2007 WL 778623, at *3 (D.D.C. March 12, 2007); *United States v. Sutton*, 801 F.2d 1346, 1358 (D.C. Cir. 1986)); *see also United States v. Wahl*, 290 F.3d 370, 375 (D.C. Cir. 2002) (A conviction should be upheld "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

In theory, the "same standard guides a district court in resolving a Rule 29 motion whether in the context of a bench or jury trial." *Jabr*, 2019 WL 13110682, at *4. Practically, though, "[i]n a bench trial, the judge acting as the trier of both fact and law implicitly rules on the sufficiency of the evidence by rendering a verdict of guilty." *United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993).

**III.    Argument**

Defendant makes only one argument in his Motion—namely, that the Vice President was not "temporarily visiting" the U.S. Capitol on January 6 and, by extension, that the government failed to prove the defendant was in, or in proximity to, a restricted building or grounds when he engaged in disorderly or disruptive conduct or an act of violence on January 6, 2021.[1] This argument ignores the testimony of U.S. Secret Service Inspector Lanelle Hawa, Mr. Daniel Schwager, and U.S. Capitol Police Lieutenant George McCree. The testimony of these three

---

[1] The defendant does not appear to dispute that, on January 6, 2021, the Vice President qualified as a "person protected by the Secret Service" pursuant to 18 U.S.C. § 1752(c) and was at the U.S. Capitol during the relevant period.

4

witnesses proves beyond a reasonable doubt that Vice President Pence was temporarily visiting the U.S. Capitol on January 6, 2021. Thus, the defendant's motion should be denied.

The defendant stipulated to the "testimony and the admitted exhibits" of U.S. Secret Service Inspector Lanelle Hawa and Mr. Daniel Schwager, General Counsel, Secretary of the U.S. Senate. *See* Attachment 1 at 5-6. The parties' stipulations provide that "the factfinder should consider that testimony and the admitted exhibits in the same way as if it had been given in court." *Id*. Both Mr. Schwager and Inspector Hawa testified about Vice President Pence's visit to the Capitol on January 6, 2021. *See generally* Government Trial Exhibits 1006, 1006.1, 1007.  Mr. Schwager testified about Vice President Pence's role in overseeing the Joint Session of Congress and his physical presence at the Capitol on January 6, 2023. *See, e.g.*, Government Trial Ex. 1007 at 418. Inspector Hawa testified more specifically about Vice President Pence temporarily visiting the Capitol:

> Q. Okay. Why was Vice President Pence visiting the Capitol on January 6, 2021?
> A. He was coming up for the Joint Session of Congress. They were gathering for the Electoral College vote.

Government Trial Ex. 1006 at 213. Inspector Hawa also testified about the notification that U.S. Secret Service received prior to Vice President Pence's visit on January 6, 2021. Specifically, she testified:

> Q. Sure. Prior to January 6, 2021, did you notify anyone, including any law enforcement partners, of the vice president's visit on January 6?
> A. Yes.
> Q. And how did you make that notification?
> A. Via e-mail, through a notification form that we utilize, I notified the U.S. Capitol Police.

*Id*. In this trial, and in the underlying trial—*United States v. Couy Griffin*, 21-cr-92-TNM, the government introduced the notification as an exhibit. *Id*. at 213-15; *see also* Government Trial Ex. 1006.1. The subject line of the notification begins, "Visit of Vice President Michael Pence, Mrs.

5

Pence and Charlotte Pence to the U.S. Capitol." Government Trial Ex. 1006.1. This exhibit further proves the Vice President was temporarily visiting the Capitol on January 6, as the Vice President's trip is characterized as a "visit"—by definition, temporary.

U.S. Capitol Police Lieutenant George McCree also testified that Vice President Pence temporarily visited the Capitol on January 6, 2021:

> Q. Okay. Did U.S. Capitol [Police] receive any of those notifications on January 6th that Vice President Pence would be visiting?
> A. We received all of those, yes.
> Q. Okay. Does Vice President Pence have an office on Capitol Grounds?
> A. He does.
> Q. Does he use that office every day?
> A. No.
> Q. Does he use that office on the majority of days?
> A. No. No. He has an office and has a staff that has a small office, but the Vice President doesn't come to the Capitol frequently. And even when he does or she does, they – they may just go to the Senate Floor and then leave. So they may use their office. They may not use their office.
> Q. Okay. On January 6th, was Vice President Pence's visit a temporary visit?
> A. It was -- it was -- well, yes, it was a temporary visit.

Trial Tr. 48:7-24.

Moreover, during trial, the defendant elicited no testimony regarding the Vice President's visit to the Capitol on January 6. The defendant's motion instead relies on its trial brief and the Senate's website, items that are not in evidence, to stand for the proposition that Vice President Pence cannot "visit" the United States Capitol where he had an office. Defense Motion at 4-5. The trial record establishes that this office was merely ceremonial and, at best, a temporary refuge of the Vice President while visiting the Legislative Branch. Even assuming that the record was not as clear on this point, the defendant's strained interpretation of the term "temporarily visiting" creates perverse results. Under the defendant's construction, Section 1752(c)(1)(B) would not apply when the current President or Vice President temporarily stayed at Camp David, where there is a presidential cabin and office. In another strange scenario, a restricted area could exist when,

as here, the Vice President's family visits the Capitol (because they are Secret Service protectees without an office there), but not when the Vice President herself does. It, therefore, would afford a higher level of protection for the family of the elected official than to the elected official herself. No support exists for creating such large and irrational exceptions to the statute's sweep. *See Lovitky v. Trump*, 949 F.3d 753, 760 (D.C. Cir. 2020) (noting that courts will avoid a "statutory outcome … if it defies rationality by rendering a statute nonsensical or superfluous or if it creates an outcome so contrary to perceived social values that Congress could not have intended it") (citation omitted).

Finally, every Court to have addressed this issue—including this Court—has determined that the Vice President was temporarily visiting the Capitol on January 6 within the plain meaning of that term. *See United States v. Couy Griffin*, Trial Tr. 333-334 ("I disagree with Mr. Griffin's argument that the vice president was not temporarily visiting the Capitol because he has a ceremonial office and constitutional duties at the Capitol. Mr. Griffin actually elicited very little testimony about how often the vice president does visit the Capitol. But regardless, I think the U.S. Capitol fits comfortably within the definition of 1752(c)(1)(B)."); *see also United States v. Meeks*, 21-cr-28 (APM); *United States v. McHugh*, 583 F. Supp. 3d 1, 32–35 (D.D.C. 2022) (Judge Bates); *United States v. Andries*, 21-cr-93 (RC), 2022 WL 768684, *16–17 (D.D.C. Mar. 14, 2022); *United States v. Puma*, 596 F. Supp. 3d 90, 112–14 (D.D.C. 2022) (Judge Friedman); *United States v. Bingert*, 21-cr-91 (RCL), 2022 WL 1659163, *14–15 (D.D.C. May 25, 2022); *United States v. Williams*, 21-cr-618 (ABJ), 2022 WL 2237301, *19–20 (D.D.C. June 22, 2022).

The government introduced sufficient evidence for a rational factfinder to conclude that the Vice President was temporarily visiting the Capitol on January 6, 2021. Thus, the defendant has not met Rule 29's "demanding standard," *Borda*, 768 F. Supp. 2d at 292, and his motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:  /s/
ASHLEY AKERS
MO Bar No. 69601
Trial Attorney, Detailed
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20001
Phone: (202) 353-0521
Email: Ashley.Akers@usdoj.gov

KAITLIN KLAMANN
Assistant United States Attorney

LAURA HILL
Trial Attorney, Detailed