# UNITED STATES DISTRICT COURTFOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

STEVEN CAPPUCCIO,

           Defendant.

Case No. 21-cr-40-8-TNM

## MR. STEVEN CAPPUCCIO'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT CAPPUCCIO'S MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT

NOW COMES the Defendant, MR. STEVEN CAPPUCCIO,  through his attorney and files this reply to the Government's Opposition to Defendant Cappuccio's Motion for Judgment of Acquittal Notwithstanding the Verdict.

The defense does not dispute that it stipulated to the testimony of General Counsel, Secretary of the U.S. Senate Daniel Schwager set forth in Government,  U.S. Secret Service Inspector Lanelle Hawa and U.S. Capitol Police Lieutenant George McCree.  Gov't Opp. 3-4  (Doc. No. 698)(quoting this Court's findings).  These stipulations are factual in nature and cannot be construed individually or in the aggregate as a legal stipulation to the "restricted building or grounds" element at issue.

This Court previously wrote "Defendants appear to make a factual argument that Vice President Pence's visit on January 6, steeped as it was in constitutional

1

implications, was not a temporary visit. . . . That is best left for trial, where the Government must offer proof to meet its burden. . ." Order at 3 (Doc. No. 409).  Mr. Cappuccio's argument is limited to this specific issue, contending that the facts do not establish that the Vice President could be considered as temporarily visiting a location in which he has a permanent workplace.

The quoted testimony offered by the Government, with the exception of Lieutenant McCree, does not touch on the subject of "temporarily visiting." Lieutenant McCree's own testimony, aside from a conclusory statement[1] that the Vice President's visit was a "temporary visit" on January 6th, *see* Gov'ts Opp. at 6.,actually undercuts the Government's certainty in its evidence.  The same testimony confirms that the Vice President  "has an office and has a staff that has a small office.," *id.* , in the United States Capitol Building.  It further confirms that while the Vice President does not visit the Capitol "every day," the "majority of days," or 'frequently,' *id.*, he does, in fact visit his office or the Capitol on occasions other than his role on January 6.  This establishes the Capitol represents his workplace rather than a visit.  When one maintains more than one workplace, one does not become a 'visitor' to his own office because he prefers one workplace or another.  The Vice President does not live in the West Wing of the White House.  As his stay is not permanent in regard to that location,

---

[1] Rule 704(a) of the Federal Rules of Evidence provides "[a]n opinion is not objectionable just because it embraces an ultimate issue." FED. R. EVID. 704(a). However, "Rule 704 was not intended to allow [witnesses] to offer opinions embodying legal conclusions."  *United States v. Scop*, 846 F.2d 135, 139 (2d Cir. 1988).  If read as an effort to offer an ultimate issue opinion, it is unclear how such a conclusory opinion could be accorded great weight by the trier of fact.

one would likely not call him a visitor, akin to a tourist, in that location.

The Government argues this narrower interpretation of "temporarily visiting" would create peculiar results. Gov't Opp. at 6-7. It would not. The President and Vice President have official residences in Washington, D.C. Camp David professes to be a retreat or vacation location, with its official site utilizing terms such as 'guests' or 'visitors'. *See* Welcome to Camp David ("Camp David is a secluded presidential retreat located in the Catoctin Mountain Park near Thurmont, Maryland. About a dozen *guest* cabins are connected by winding paths and *visitors* are given golf carts to get around." (Emphasis added.)). A vacation spot or retreat in no way implies other than a temporary visit and therefore would fall neatly within the statute.

The second illustration of a peculiar result is the Vice President's family would enjoy greater protection at the United States Capitol than would the Vice President himself. The argument as to the resulting "higher level of protection for the family," which plainly would be 'visiting' a place of work suggests only the Vice President's status at his place of work does not afford him redundant criminal charges for violations. Nothing suggests the Vice President loses his Secret Service detail, authorized by 18 U.S.C. § 3056, when entering the Capitol Building.

Returning to the Government's example of Camp David, if anywhere someone under the protection of the Secret Service steps is to be considered "temporarily visiting," and the President, Vice President or their families split time between Camp David and the official residences, then the "temporarily visiting" clause would appear

3

to include "the White House or its grounds, or the Vice President's official residence or its grounds."   18 U.S.C. § 1752(c)(1)(A).   The poor draftsmanship defining "restricted buildings or grounds" would be evident as it could simply be defined as "any location one with a secret service detail visits or may visit."   It is unclear why the definition specifically includes fixed locations when the 'visiting' clause would make that redundant.   *See Nat'l Ass'n of Mfrs. v. Dep't of Defense*, 138 S. Ct. 617, 632 (2018)("Absent clear evidence that Congress intended this surplusage, the Court rejects an interpretation of the statute that would render an entire subparagraph meaningless.").

Counts 42 and 50 are substantially similar to Counts 52 and 53.  It is respectfully submitted this is no accident, as misconduct at the Vice President's office at the Capitol Building is addressed by that statute.

In light of the foregoing, this Court is respectfully asked to grant Mr. Cappuccio's Motion for a Judgment of Acquittal.

Respectfully submitted,

Maureen Scott Franco
Federal Public Defender

/S/
MARINA THAIS DOUENAT
Assistant Federal Public Defender
Western District of Texas
727 E Cesar E. Chavez Boulevard
Suite B-207
San Antonio, TX 78206
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, Marina-Thais Douenat, Assistant Federal Public Defender for the Western District of Texas, hereby certify that on the 29th day of September 2023 filed the foregoing reply with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ MARINA-THAIS DOUENAT
Assistant Federal Public Defender