# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN CAPPUCCIO,<br><br>            Defendant. | Case No. 21-cr-40-8-TNM |

### 2nd SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

Mr. Steven Cappuccio, by and through his undersigned counsel, files this 2nd Supplemental Sentencing Memo, supplementing his prior Sentencing Memorandums filed in this case, drawing the Court's attention to additional facts and circumstances for the Court's consideration so that it can fashion a sentence that is sufficient, but not greater than necessary to accomplish the sentencing goals pursuant to 18 U.S.C. §3553(a) in anticipation of his sentencing hearing set for November 3, 2023.

I.   Aberrant Behavior

There is absolutely no evidence that Mr. Cappuccio went to Washington, D.C. with any intent except to attend Former President Trump's Rally. He did not plan to

1

hurt anyone or break the law. He did not bring any weapons or dress in combat attire. He had no communication with anyone about doing anything except attending Former President Trump's speech. Unlike many defendants involved in the events of that day, Mr. Cappuccio is not a member of any extremist group. He did not take any police gear as a "souvenir," and he never boasted or bragged about his conduct on January 6. His conduct in this case was truly aberrational.

II.     Adequate Deterrence

Section 3553(a)(2)(B) requires the Court to consider "the need for the sentence imposed to afford adequate deterrence to criminal conduct." Arguably, the government has already substantially achieved the maximal deterrent effect of Mr. Cappuccio's offense simply by charging and convicting him. As a result, Mr. Cappuccio's name and the substance of his offense will be discussed in numerous conversations and settings for years to come, a disheartening reality from which he simply cannot escape.

As a veteran who has dedicated a significant portion of his life to upholding the values and principles of our country, participating in acts that deviate from those principles have evoked a strong sense of shame and embarrassment.

Losing his cool and engaging in actions that are contrary to the ideals he fought for are a source of deep remorse for Mr. Cappuccio. Furthermore, being

labeled as an insurrectionist and domestic terrorist, as it goes against the very essence of his identity and the values he fought to protect, have affected him deeply. The weight of these sends a strong message to anyone foolish enough to engage in similar offenses.

   III.   Comparative Cases

Mr. Cappuccio's request for placement at Camp Hope is appropriate in light of cases where the facts are on par with or more egregious than those in Mr. Cappuccio's case. Joshua Hernandez was sentenced to twenty-four (24) months of imprisonment after the Court declined to apply the dangerous weapon enhancement for Mr. Hernandez's use of a flagpole to hit an officer in the head. *See United States v. Hernandez*, No. 1:22-cr-42-CRC. In addition to his assaultive conduct, Mr. Hernandez climbed through a window to enter the Capitol, where he infiltrated the Speaker's Conference Room and Senate Gallery, struck a door in the hallway with his flagpole, and attempted to enter where congressional staff were barricaded in an office. *Id. See* Exhibit 1.

Mr. Cappuccio's sentencing request is further supported by Howard Richardson's case. *See United States v. Richardson*, No. 1:21-cr-721-CKK. Mr. Richardson pled guilty to one (1) count of Section 111(a) for his conduct on January 6, 2021, which included bringing a long, metal flagpole and using it to strike an

officer three (3) times (only stopping after it broke on the third hit) and using an enormous metal Trump sign as a battering ram against officers. *See id.* During his plea hearing, Mr. Richardson made false representations to the Court. *See id.* Additionally, while he awaited sentencing, Mr. Richardson was arrested for aggravated assault and lied to the local police about his conduct. *See id.* Despite his reprehensible conduct in the aftermath of January 6 and the fact that he was on bail for Illegal Possession of a Firearm, Mr. Richardson was ultimately sentenced to forty-six (46) months' imprisonment, the government's recommended sentence. *See id.*

Gregory Nix's case is also instructive. Mr. Nix was sentenced to forty-two (42) months of imprisonment, far below his Guidelines' range and the government's recommendation of seventy (70) months, after pleading to one (1) count of Section 111(a) and (b). *See United States v. Nix,* No. 1:21-cr-678-BAH. Mr. Nix attempted to breach the East House Doors by banging the end of a flagpole against the door. *See id.* He eventually gained entry into the Capitol, and, while inside, used a baton to bang against the East House Doors. *See id.* Mr. Nix verbally engaged with officers and used a flagpole to hit an officer in the head before thrusting and throwing the flagpole at the officer. *See id.* Prior to January 6, Mr. Nix wrote in a text message that he had "no problem with tar and feathering" when the individual he was conversing with commented January 6 may get violent. *Id.*

Mr. Cappuccio respectfully requests that this Court refer to the other cases cited in Exhibit 1 and 2 of his 2nd supplemental memorandum in aid of sentencing when crafting its sentence. Mr. Cappuccio's mental health diagnosis in combination with his lack of criminal history and remorse qualify for an additional variance.

                                          Respectfully submitted,
                                          Maureen Scott Franco
                                          Federal Public Defender
                                                 /S/
                                          MARINA THAIS DOUENAT
                                          Assistant Federal Public Defender
                                          Western District of Texas
                                          300 Convent, Suite 2300
                                          San Antonio, TX 78205
                                          *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, Marina-Thais Douenat, Assistant Federal Public Defender for the Western District of Texas, hereby certify that on the 30th day of October 2023 filed the foregoing 2nd supplemental sentencing memorandum with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                          /s/ MARINA-THAIS DOUENAT

5